**GIBSON, DUNN & CRUTCHER LLP**
THEODORE J. BOUTROUS JR., SBN 132099
   tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
   rdoren@gibsondunn.com
DEBORAH L. STEIN, SBN 224570
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fac.: 213.229.7520

**ROBINSON & COLE LLP**
STEPHEN E. GOLDMAN
   sgoldman@rc.com
WYSTAN M. ACKERMAN
   wackerman@rc.com
*Motions for pro hac vice admission forthcoming*
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Fac.: 860.275.8299

Attorneys for Plaintiff Travelers Casualty
Insurance Company of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>GERAGOS & GERAGOS, A PROFESSIONAL CORPORATION,<br><br>    Defendant. | **CASE NO. 2:20-cv-03619**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Travelers Casualty Insurance Company of America ("Travelers") alleges as follows:

**Nature of the Action**

1.Travelers brings this action for a declaratory judgment under two business owners insurance policies that Travelers issued to Defendant Geragos & Geragos, A Professional Corporation ("G&G") (the "Policies"). Travelers seeks a declaration that it has no obligation under the Policies for G&G's claimed losses of business income related to the worldwide pandemic caused by the virus SARS-CoV-2 (the "COVID-19 Pandemic"). Certified copies of the Policies are attached as <u>Exhibits A and B</u> hereto.

2.Travelers understands that the COVID-19 Pandemic has affected the public and the vast majority of businesses throughout the country (and world) in unprecedented ways. But these challenging and unfortunate circumstances do not create insurance coverage for losses that fall outside the terms of a policyholder's insurance contract.

3.Here, G&G claims that it lost revenues because of stay-at-home orders and court closures. While Travelers is taking many steps to support its customers during this challenging time, G&G did not purchase insurance for the losses that G&G now claims. Even without reference to their exclusions, the Policies require "direct physical loss or damage" to property, and the presence or suspected presence of a virus does not constitute the requisite "direct physical loss or damage."

4.Moreover, the Policies have very specific exclusions stating that losses resulting from a virus or bacteria, including business income losses, are not covered. Specifically, the Policies exclude coverage for "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease," and make clear that this exclusion applies to "forms or endorsements that cover business income, extra expense, rental value or action of civil authority." There can be no doubt that the SARS-CoV-2 virus

is capable of inducing physical distress, illness or disease. Under the plain terms of the Policies, the COVID-19 Pandemic is not a "covered cause of loss."

5. For these and other reasons, the Policies do not afford coverage for G&G's claimed loss of income.

## Parties

6. Plaintiff Travelers is a corporation incorporated under the laws of Connecticut with its principal place of business in Hartford, Connecticut.

7. Defendant G&G is a law firm and professional corporation incorporated under the laws of California with its principal place of business in Los Angeles, California. Its California offices are located at 644 South Figueroa Street, Los Angeles, California 90017, the premises described under one of the Policies. *See* Exhibit A. G&G is registered with the New York State Department of State as a foreign professional corporation, and has offices at West 24th Street, New York, New York, which is the described premises under the second of the Policies. *See* Exhibit B.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Travelers is a citizen of Connecticut, and G&G is a citizen of California. Based on information provided by G&G to Travelers in connection with the underwriting of its policies, G&G has annual revenues in excess of $3 million and is claiming lost business income (and rent from a tenant) for more than 30 days. This Court has personal jurisdiction over G&G because it is incorporated in California, has its principal place of business in Los Angeles, and the losses of business income claimed by G&G include losses arising out of the suspension or limitation of operations of the Los Angeles office of G&G.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) and § 1391(c)(2) and (d) because G&G is deemed to reside in this District, where there

is personal jurisdiction over G&G, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**Facts**

10. Travelers issued the Policies to G&G for the policy period of December 16, 2019 to December 16, 2020.

11. In or about late 2019, a novel coronavirus was first identified in Wuhan, China. Scientists have named that virus SARS-CoV-2, and have named the disease caused by that virus COVID-19.

12. SARS-CoV-2 induces or is capable of inducing physical distress, illness or disease, namely COVID-19.

13. On or about April 1, 2020, G&G's insurance broker, Jane Gray, contacted Travelers and reported claims for loss of business income related to the COVID-19 Pandemic. The broker advised that G&G closed its business in light of directives issued by government officials in California and New York (the "Governmental Orders"), and was suffering an ongoing loss of business income as a result of closing its law firm's physical offices. At the same time, the broker advised Travelers that Mark Geragos, the chief executive officer of G&G, was "busy on cases" and difficult to reach.

14. On or about April 7, 2020, a Travelers claim professional spoke with Mr. Geragos. Mr. Geragos asserted that SARS-CoV-2 purportedly causes physical damage because other countries impacted by the COVID-19 Pandemic have fumigated public spaces, and scientists have found that SARS-CoV-2 is detectable in aerosols and on certain surfaces for particular periods of time. Mr. Geragos further asserted that he was claiming loss of business income due to the Governmental Orders and courts being closed. With respect to the New York office, Mr. Geragos stated that he was claiming loss of rent because G&G also has a tenant in the building. The Travelers claim professional advised Mr. Geragos that a virus is not a covered peril under the Policies.

15. On April 20, 2020, Travelers informed G&G, by letter, of its coverage determination.

## **Overview of Certain Policy Provisions**

16. The Policies include Business Income coverage, for which the grant of coverage provides, in relevant part:

> **(2)** We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". <u>The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss</u>. . . . .
>
> **(3)** With respect to the requirements set forth in Paragraph (2) above, if you rent, lease or occupy only part of the site at which the described premises are located, the described premises means:
>
>> **(a)** The portion of the building which you rent, lease or occupy; and
>>
>> **(b)** Any area within the building or on the site at which the described premises are located, if that area services, or is used to gain access to, the described premises.

(Ex. A at 78-79 (underscore added); Ex. B at 278-79 (same).) The Policies define the term "suspension" as "a. The partial or complete cessation of your business activities; or b. That a part or all of the described premises is rendered untenantable." (Ex. A at 115; Ex. B at 315.) The Policies define the term "operations" as "your business activities occurring at the described premises and the tenantability of the described premises." (*Id.*)

17. The Policies include Civil Authority coverage, for which the grant of coverage provides, in pertinent part, as follows:

> **g. Civil Authority**
>
> **(1)** When the Declarations show that you have coverage for Business Income and Extra Expense, you may extend that insurance to apply to the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur caused by <u>action of civil authority that prohibits access to the described premises</u>. The civil authority

<u>action must be due to direct physical loss of or damage to property at locations, other than described premises, that are within 100 miles of the described premises, caused by or resulting from a Covered Cause of Loss</u>.

**(2)** The coverage for Business Income will begin 24 hours after the time of that action and will apply for a period of three consecutive weeks after coverage begins.

(Ex. A at 91 (underscores added); Ex. B at 291 (same).)

18. The Policies include a Coverage Extension entitled Business Income and Extra Expense From Dependent Property, which provides, in pertinent part, as follows:

**d. Business Income and Extra Expense From Dependent Property**

**(1)** When the Declarations show that you have coverage for Business Income and Extra Expense, you may extend that insurance to apply to the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur due to the "suspension" of your "operations" during the "period of restoration". <u>The "suspension" must be caused by direct physical loss or damage at the premises of a Dependent Property, caused by or resulting from a Covered Cause of Loss</u>.

**(2)** Dependent Property means property operated by others whom you depend on to:

    **(a)** Deliver materials or services (other than "water supply services," "communication supply services" or "power supply services") to you, or to others for your account (Contributing Locations);

    **(b)** Accept your products or services (Recipient Locations);

    **(c)** Manufacture products for delivery to your customers under contract for sale (Manufacturing Locations); or

    **(d)** Attract customers to your business (Leader Locations).

. . .

**(6)** The most we will pay for Business Income and Extra Expense under this Coverage Extension in any one occurrence is $10,000, regardless of the number of described premises or number of Dependent Properties involved.

(Ex. A at 89-90 (underscore added); Ex. B at 289-90 (same).)

19. The Policies provide as follows with respect to Covered Causes of Loss:

**4. Covered Causes of Loss**

RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

    **a.** Limited in Paragraph **A.5.**, Limitations; or

    **b.** Excluded in Paragraph **B.**, Exclusions.

(Ex. A at 79-80; Ex. B at 279-80.)

  20. The Policies contain an endorsement entitled "EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA," which provides, in pertinent part, as follows:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL PROPERTY COVERAGE PART
>
> . . .
>
> **A.** <u>The exclusion set forth in Paragraph **B.** applies to all coverage under all forms and endorsements that comprise this Coverage Part or Policy, including but not limited to</u> forms or endorsements that cover property damage to buildings or personal property and <u>forms or endorsements that cover business income</u>, extra expense, rental value <u>or action of civil authority</u>.
>
> **B.** <u>We will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.</u>

(Ex. A at 195 (underscores added); Ex. B at 396 (materially same).)

  21. The Policies contain the following exclusion:

> We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> **a. Ordinance or Law**
>
> **(1)** <u>The enforcement of any ordinance or law</u>:
>
>   **(a)** <u>Regulating the</u> construction, <u>use</u> or repair <u>of any property</u>; or
>
>   **(b)** Requiring the tearing down of any property, including the cost of removing the debris.
>
> **(2)** <u>This exclusion, Ordinance or Law, applies whether the loss results from</u>:
>
>   **(a)** <u>An ordinance or law that is enforced even if the property has not been damaged</u>;

(Ex. A at 98 (underscores added); Ex. B at 298 (same).)

22. The Policies contain the following exclusions:

   **2.** We will not pay for loss or damage caused by or resulting from any of the following:

     . . .

     **b.** Delay, loss of use or loss of market.

     . . .

     **d.**

       . . .

       **(8)** Contamination by other than "pollutants".

   **3.** We will not pay for loss or damage caused by or resulting from any of the following under Paragraphs **a.** through **c.** But if an excluded cause of loss that is listed in Paragraphs **a.** and **b.** below results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.

     . . .

     **b.** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

(Ex. A at 100-02; Ex. B at 300-02.)

### Application of the Policies to G&G's Claims:
### The Claims Do Not Fall Within the Policies' Grants of Coverage

23. There is no coverage for G&G's claimed losses of business income under the Business Income provision quoted in Paragraph 16 above because any suspension of G&G's operations was not "caused by direct physical loss of or damage to property at the described premises." (Ex. A at 78-79; Ex. B at 278-79.) In addition, the presence of SARS-CoV-2 on a surface would not cause physical damage to that surface.

24. Moreover, there can be no coverage for G&G's claimed losses of business income under the Business Income provision because the COVID-19 Pandemic is not a Covered Cause of Loss.

25. There is no coverage for G&G's claimed losses of business income under the Civil Authority provision quoted in Paragraph 17 above because the Governmental

Orders were not "due to direct physical loss of or damage to property at locations, other than described premises, that are within 100 miles of the described premises." (Ex. A at 91; Ex. B at 291.)  The presence of SARS-CoV-2 on a surface would not cause physical damage to that surface.  And, again, the COVID-19 Pandemic is not a Covered Cause of Loss, vitiating any possible coverage.  Moreover, the Government Orders do not prohibit all access to G&G's premises.

26. There is no coverage for G&G's claimed losses of business income under the Business Income and Extra Expense From Dependent Property provision quoted in Paragraph 18 above because any suspension of G&G's operations was not "caused by direct physical loss or damage at the premises of a Dependent Property" within the meaning of the Policies.  Any temporary closure or limitation of operations of courts in which G&G conducts litigation was the result of governmental actions taken to slow the spread of the COVID-19 Pandemic, not the result of direct physical loss or damage at the premises of a Dependent Property.  In addition, the presence of SARS-CoV-2 on a surface would not cause physical damage to that surface.  Moreover, the COVID-19 Pandemic is not a Covered Cause of Loss.

**Application of the Policies to G&G's Claims: Several Exclusions Bar Coverage**

27. Moreover, even if there were the requisite "direct physical loss of or damage to property at the described premises," "direct physical loss of or damage to property at locations, other than described premises, that are within 100 miles of the described premises" or "direct physical loss or damage at the premises of a Dependent Property," any such direct physical loss or damage would not be caused by a Covered Cause of Loss, based on the "EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA" quoted in Paragraph 20 above.  This provision excludes "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease."  SARS-CoV-2 is a virus that induces or is capable of inducing physical distress, illness or disease.

28. G&G's claimed losses of business income are also excluded, to the extent applicable, by the exclusions referenced in Paragraphs 21 and 22 above.

## COUNT ONE

### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201)

29. Travelers repeats and re-alleges the allegations contained in Paragraphs 1 through 28 above, as if fully set forth herein.

30. G&G has made claims for and requested that Travelers provide coverage under the Policies for claimed business income losses related to the COVID-19 Pandemic.

31. Travelers has denied coverage for the claims made by G&G.

32. An actual controversy has arisen as to whether, under the terms, conditions, exclusions and limitations of the Policies, Travelers has an obligation to provide coverage for the losses claimed by G&G.

33. Pursuant to 28 U.S.C. § 2201, Travelers is entitled to a declaration that, under the Policies, it has no obligation to provide coverage for the losses claimed by G&G.

## REQUESTS FOR RELIEF

WHEREFORE, Travelers respectfully requests that the Court grant it the following relief:

A. Enter a declaratory judgment that the Policies do not provide coverage for the losses claimed by G&G; and

B. Grant such other relief as this Court deems just and appropriate.

Dated: April 20, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous Jr., SBN 132099
  tboutrous@gibsondunn.com
Richard J. Doren, SBN 124666
  rdoren@gibsondunn.com
Deborah L. Stein, SBN 224570
  dstein@gibsondunn.com

Gibson, Dunn & Crutcher LLP

9

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fac.: 213.229.7520

ROBINSON & COLE LLP
Stephen E. Goldman (*pro hac vice* forthcoming)
  sgoldman@rc.com
Wystan M. Ackerman (*pro hac vice* forthcoming)
  wackerman@rc.com
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Fac.: 860.275.8299

*Attorneys for Plaintiff Travelers Casualty Insurance Company of America*

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: April 20, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous Jr., SBN 132099
  tboutrous@gibsondunn.com
Richard J. Doren, SBN 124666
  rdoren@gibsondunn.com
Deborah L. Stein, SBN 224570
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Tel.: 213.229.7000
Fac.: 213.229.7520

ROBINSON & COLE LLP
Stephen E. Goldman (*pro hac vice* forthcoming)
  sgoldman@rc.com
Wystan M. Ackerman (*pro hac vice* forthcoming)
  wackerman@rc.com
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Fac.: 860.275.8299

*Attorneys for Plaintiff Travelers Casualty Insurance Company of America*