1

2

# GERAGOS & GERAGOS

3    A PROFESSIONAL CORPORATION
     LAWYERS
     HISTORIC ENGINE CO. NO. 28
4    644 SOUTH FIGUEROA STREET
     LOS ANGELES, CALIFORNIA 90017-3411
     TELEPHONE (213) 625-3900
5    FACSIMILE (213) 232-3255
     GERAGOS@GERAGOS.COM

6    MARK J. GERAGOS          SBN 108325
     BEN J. MEISELAS          SBN 277412
7    MATTHEW M. HOESLY        SBN 289593

8    Attorneys for Defendant GERAGOS & GERAGOS, APC

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12   TRAVELERS CASUALTY             Case No.: 2:20-cv-03619-PSG-E
     INSURANCE COMPANY OF
     AMERICA,                       Hon. Philip S. Gutierrez
13
14            Plaintiffs,           **NOTICE OF MOTION AND**
                                    **MEMORANDUM OF POINTS AND**
15                                  **AUTHORITIES IN SUPPORT OF**
              vs.                   **DEFENDANT GERAGOS &**
16                                  **GERAGOS, APC'S MOTION TO**
                                    **DISMISS COMPLAINT, OR IN**
17   GERAGOS & GERAGOS, A           **THE ALTERNATIVE, TO STAY**
     PROFESSIONAL CORPORATION,      **PROCEEDINGS**
18
19            Defendants.

20                                  <u>**Hearing:**</u>
21                                  Date:      August 3, 2020
                                    Time:      1:30 p.m.
22                                  Place:     Courtroom 6A,
                                               350 West 1st Street,
23                                             Los Angeles, CA 90012
24
25                                  Complaint Filed:   April 20, 2020

26

27

28

<div style="writing-mode: vertical">**GERAGOS & GERAGOS, APC.** 644 South Figueroa Street Los Angeles, California 90017-3411</div>

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 3, 2020 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6A of the above-entitled courthouse, before the Honorable Philip S. Gutierrez, Defendant GERAGOS & GERAGOS, APC ("Defendant"), by and through its attorneys, will respectfully move this Honorable Court for an Order dismissing the Complaint filed on April 20, 2020, or in the alternative, for a stay of the proceedings.

This motion is made pursuant to Rules 7(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, and is based on this notice of motion, the attached memorandum of points and authorities, the Declaration of Ben Meiselas and exhibits attached hereto, and upon the entire record and files herein and any oral argument presented at the hearing on this matter.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on May 15 and 20, 2020.

DATED:  June 2, 2020              **GERAGOS & GERAGOS, APC**

By:___/s/ Ben Meiselas_____
          MARK J. GERAGOS
          BEN J. MEISELAS
          MATTHEW M. HOESLY
          *Attorneys for Defendant*
          *GERAGOS & GERAGOS, APC*

**GERAGOS & GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

# TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES……………………………………………………....iv-vii

INTRODUCTION…………………………………………………….......................1

LEGAL STANDARD...........................................................................................1

ARGUMENT…………………………………………….......................................2

    I.     This Case Raises Unsettled Questions of State Law, from Which this Court Should Abstain under the Declaratory Judgment Act.........................................2

          A.    This Court Need Not Make a Determination of State Law....................4

          B.    This Court Should Refrain from Hearing this Case Due to Plaintiff's Forum Shopping.......................................................................................5

          C.    This Court Should Abstain to Avoid Duplicative Litigation.................7

          D.    All Other Factors Weigh in Favor of Abstention.....................................8

    II.    This Court May Stay the Proceedings Based on Abstention Pursuant to Both *Colorado River* and *Younger*..................................................................................9

CONCLUSION………………………………………………………......................12

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

# TABLE OF AUTHORITES

Page(s)

## Cases

*Allstate Ins. Co. v. Gillette,* C 05–02385 WHA,
2006 WL 997236 (N.D.Cal. Apr. 17, 2006) ................................................8

*Allstate Insurance Co. v. Davis*,
430 F.Supp.2d 1112 (D.Haw.2006) ............................................................4

*American Cas. Co. v. Krieger*,
181 F.3d 1113 (9th Cir.1999) ......................................................................6

*AmerisourceBergen Corp. v. Roden*,
495 F.3d 1143 (9th Cir.2007) ....................................................................11

*Bituminous Cas. Corp. v. Kerr Contractors, Inc.*,
2010 WL 2572772 (D.Or. June 22, 2010) ..................................................8

*Brillhart v. Excess Ins. Co. of America*,
316 U.S. 491 (1942) ....................................................................................2

*Budget Rent–A–Car v. Crawford*,
108 F.3d 1075 (9th Cir.1997) ......................................................................6

*Chamberlain v. Allstate Ins. Co.*,
931 F.2d 1361 (9th Cir.1991) ..................................................................2, 8

*Cheshire v Coca-Cola Bottling Affiliated, Inc.*,
758 F. Supp. 1098 (D.S.C. 1990) ...............................................................5

*Colorado River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976) ............................................................................10, 11

*Cont'l Cas. Co. v. Robsac Indus.*,
947 F.2d (9th Cir. 1991) .............................................................................4

*Corcoran v. Ardra Ins. Co., Ltd.*,
842 F2d 31 (2nd Cir. 1988) ........................................................................9

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

*Courthouse News Serv. v. Planet*,
750 F.3d 776 (9th Cir. 2014)............................................................... 2

*Gemini Ins. Co. v. Clever Constr., Inc.*,
2009 WL 3378593 (D.Haw. Oct. 21, 2009)........................................4

*Gov't Employees Ins. Co. v. Dizol*,
133 F.3d 1220 (9th Cir.1998)....................................................*passim*

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
485 U.S. 271 (1988) ..........................................................................10

*Holder v. Holder*,
305 F.3d 854 (9th Cir.2002).............................................................10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
12 F.3d 908 (9th Cir.1993)...............................................................10

*Keown v. Tudor Ins. Co.*,
621 F.Supp.2d 1025 (D.Haw.2008) ....................................................4

*Mitcheson v. Harris*,
955 F.2d 235 (4th Cir.1992)................................................................4

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ..............................................................................10

*Nakash v. Marciano*,
882 F.2d 1411 (9th Cir.1989)...........................................................10

*Nat'l Chiropractic Mut. Ins. Co. v. Doe*,
23 F.Supp.2d 1109 (D.Alaska 1998).................................................4

*OneBeacon Ins. Co. v. Parker, Kern, Nard & Wenzel*, 1:09–cv–00257 AWI GSA,
2009 WL 2914203 (E.D.Cal. Sept. 9, 2009).......................................7

*Phoenix Assurance PLC v. Marimed Found. for Island Health Care Training*,
125 F.Supp.2d 1214 (D.Haw.2000) ...................................................7

*Porter v. Jones*,
319 F.3d 483 (9th Cir.2003)................................................................1

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1
2

*Potrero Hills Landfill, Inc. v. Cnty. of Solano*,
   657 F.3d 876 (9th Cir.2011)..............................................................................1

3
4

*Quackenbush v. Allstate Ins. Co.*,
   517 US 706 (1996) ..........................................................................................9

5
6

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
   656 F.3d 966 (9th Cir. 2011).............................................................................3

7
8

*Railroad Comm'n of Tex. v. Pullman Co.*,
   312 US 496 (1941) ..........................................................................................9

9
10

*San Jose Silicon Valley Chamber of Commerce Political Action Committee
   v. City of San Jose*, 546 F.3d 1087 (9th Cir.2008) .....................................11

11
12

*Scotts Co. LLC v. Seeds, Inc.*,
   688 F.3d 1154 (9th Cir. 2012)...........................................................................1

13
14

*Shyh-Yih Hao v. Wu-Fu Chen*, No. 10-CV-00826-LHK,
   2011 WL 941292 (N.D. Cal. Mar. 16, 2011)............................................10, 11

15
16

*Stewart Title Co. v. Investors Funding Corp.*,
   2010 WL 1904981 (D.Haw. May 11, 2010) ......................................................7

17
18

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995)..................................................................................2, 3, 7

19
20

*Younger v. Harris*,
   401 U.S. 37 (1971) ..........................................................................................9

21
22

**Statutes**

23

28 U.S.C. § 2201(a) ...............................................................................................2

24

28 USC § 1447(c) ..................................................................................................9

25
26

**Rules**

27

Federal Rule of Civil Procedure 12(b)(1)........................................................1, 2

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Federal Rule of Civil Procedure 12(b)(6)...................................................................1, 2

**Other Authorities**

The Rutter Group, *Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.)* Ch. 2D-10 ......9

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**INTRODUCTION**

Plaintiff Travelers Casualty Insurance Company of America ("Travelers") asks this Court to declare that it has no obligation under the insurance policy that its insured, Defendant Geragos & Geragos, APC ("Defendant") has paid for to cover the loss of business income due to the forced closure of the business by order of civil authority. This action was brought against Defendant ten days after Defendant filed an identical lawsuit against Travelers on April 10, 2020 in the Superior Court of California, Los Angeles County (Case No. 20STCV14022).  After filing the instant action, Travelers then improperly removed the state court action filed by Defendant to this Court on May 15, 2020, case number 2:20-cv-04414-PSG-E.  At the same time, there are current pending state court cases against Travelers which Travelers has not removed. Since Plaintiff has clearly engaged in forum shopping by filing the instant action and removing the parallel action, while leaving other actions in state court, this Court should dismiss the case under the Declaratory Judgement Act, as it raises novel and unsettled questions of state law, or abstain from hearing this action pursuant to the *Colorado River* and *Younger* doctrines.

**LEGAL STANDARD**

The Ninth Circuit has not squarely held whether abstention is properly raised under Rule 12(b)(6), Rule 12(b)(1), both, or neither. *Compare, e.g., Porter v. Jones,* 319 F.3d 483, 489 (9th Cir.2003) (reviewing the district court's decision to abstain pursuant to a Rule 12(b)(6) motion and noting that "[i]n debating the propriety of abstention, the parties ... rely on the facts alleged in the complaint"), *with Scotts Co. LLC v. Seeds, Inc.,* 688 F.3d 1154, 1159–60 (holding, on appeal from a dismissal under Rule 12(b)(1), that the district court abused its discretion in applying *Colorado River* abstention), *and Potrero Hills Landfill, Inc. v. Cnty. of Solano,* 657 F.3d 876, 881 (9th Cir.2011) (noting that "petitioners intervened ... and moved to dismiss under [Rules] 12(b)(6) and 12(b)(1), or *in the alternative* to abstain from deciding the case" (emphasis added)).

In *Courthouse News Service v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014), the defendant filed a "Motion to Dismiss and Abstain" in the district court which was not expressly styled as a motion under either Federal Rule of Civil Procedure 12(b)(1) or Federal Rule of Civil Procedure 12(b)(6). The defendant subsequently argued that it should be construed as a Rule 12(b)(1) motion, while the plaintiff contended that it should more properly viewed as a Rule 12(b)(6) motion. *Id.* The Ninth Circuit held that "this case does not require us to decide which Rule, if either, provides the correct vehicle for a motion to abstain." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014). Rather, it explained that whether treated under Rule 12(b)(6), Rule 12(b)(1), or some other rubric, the abstention issues could be evaluated assuming the truth of the complaint's alleged facts. *Id.* at 779-80 & 779 n.2.

## ARGUMENT

### I.    This Case Raises Unsettled Questions of State Law, from Which this Court Should Abstain under the Declaratory Judgment Act.

Plaintiff's complaint for declaratory relief regarding the denial of coverage from the insurance policy at issue raises significant unsettled questions of state law. Under the Declaratory Judgment Act, a district court has the "unique and substantial discretion" to decide whether to issue a declaratory judgment. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995). The Declaratory Judgment Act states that "courts *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Therefore, a district court is under no compulsion to exercise its jurisdiction. *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494 (1942).

In cases where parallel state proceedings exist, "there is a presumption that the entire suit should be heard in state court." *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir.1998) (en banc) (citing *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1366–67 (9th Cir.1991)). Courts should avoid gratuitous interference, as it would be uneconomical and vexatious for a federal court to proceed with a declaratory

- 2-

1   judgment action in these situations. *Wilton,* 515 U.S. at 282-83 (citing *Brillhart,* 316

2   U.S. at 495). However, the existence of a pendent state action does not automatically

3   bar a request for federal declaratory relief. *Chamberlain,* 931 F.2d at 1367. Courts

4   consider and balance several factors in determining whether to exercise jurisdiction or

5   to dismiss, remand, or stay the declaratory judgment proceeding including concerns of

6   judicial administration, comity, and fairness to the litigants. *Chamberlain,* 931 F.2d at

7   1367.

8        The Supreme Court has cautioned district courts to (1) avoid needless

9   determination of state law issues; (2) discourage litigants from filing declaratory

10  actions in an attempt to forum shop; and (3) avoid duplicative litigation. *Dizol,* 133

11  F.3d at 1225 (citing *Brillhart,* 316 U.S. at 494); *Chamberlain,* 931 F.2d at 1367. In

12  addition to the *Brillhart* factors, the Ninth Circuit has suggested that district courts

13  should consider the following additional factors:

14       whether the declaratory action will settle all aspects of the controversy;
15       whether the declaratory action will serve a useful purpose in clarifying
         the legal relations at issue; whether the declaratory action is being sought
16       merely for the purposes of procedural fencing or to obtain a 'res judicata'
         advantage; or whether the use of a declaratory action will result in
17       entanglement between the federal and state court systems. In addition, the
         district court might also consider the convenience of the parties, and the
18       availability and relative convenience of other remedies.
19

20  *Dizol,* 133 F.3d at 1225 n. 5 (citation omitted).

21  Courts have the power to dismiss, abstain, or remand cases based on the above factors.

22  *See, e.g., R.R. St. & Co. Inc. v. Transp. Ins. Co.,* 656 F.3d 966, 975 (9th Cir. 2011).

23       The United States Western District of Pennsylvania recently addressed a similar

24  issue in a COVID-19 business interruption case. *See United States Dianoia's Eatery,*

25  *LLC v. Motorists Mutual Ins Co.,* No. 2:20-cv-00706-NBF. (W.D.Pa. May 19, 2020).

26  In exercising its discretion to remand the case back to state court under the

27  Declaratory Judgment Act, the court held that the plaintiffs' complaint raised a novel

28  insurance coverage issue under Pennsylvania law which was better reserved for the

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1  state court to resolve.  *Id.*

2      Similarly, in Illinois, the Department of Justice intervened in a lawsuit

3  challenging the coronavirus stay-at-home order.[1]  *See Bailey v. Pritzker,* No. 3:20-cv-

4  474 (S.D. Ill. May 22, 2020).  The United States argued that the dispute belonged in

5  Illinois state court and that Representative Bailey had raised substantial questions as to

6  whether the Governor's current response to COVID-19 is lawful.  *Id.*  Although the

7  complaint did not raise any federal constitutional claims, the United States argued "[i]t

8  is up to the Illinois courts to rule on Plaintiff's claims, which, because of the sweeping

9  nature of the Orders, may affect millions of lives and raise significant constitutional

10  concerns in other litigation."  *Id.*

11      **A.    This Court Need Not Make a Determination of State Law**

12      "A 'needless determination of state law' may involve an ongoing parallel state

13  proceeding regarding the 'precise state law issue,' an area of law Congress expressly

14  reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity

15  action)."  *Keown v. Tudor Ins. Co.,* 621 F.Supp.2d 1025, 1036 (D.Haw.2008).

16  However, "[t]he concern in this factor is with unsettled issues of state law, not fact-

17  finding in the specific case."  *Nat'l Chiropractic Mut. Ins. Co. v. Doe,* 23 F.Supp.2d

18  1109, 1118 (D.Alaska 1998) (citing  *Cont'l Cas. Co v. Robsac Indus.,* 947 F.2d at

19  1371).  "When state law is unclear, '[a]bsent a strong countervailing federal interest,

20  the federal court should not elbow its way ... to render what may be an uncertain and

21  ephemeral interpretation of state law.' "  *Allstate Insurance Co. v. Davis,* 430

22  F.Supp.2d 1112, 1120 (D.Haw.2006) (quoting *Mitcheson v. Harris,* 955 F.2d 235, 238

23  (4th Cir.1992)).  "[A] state proceeding [is] parallel to a federal declaratory judgment

24  action when: (1) the actions arise from the same factual circumstances; (2) there are

25  overlapping factual questions in the actions; or (3) the same issues are addressed by

26  both actions."  *Gemini Ins. Co. v. Clever Constr., Inc.,* Civ. No. 09–00290 DAE–

27

28  [1] *See* https://www.justice.gov/opa/pr/department-justice-files-statement-interest-
challenging-legality-illinois-governors-sweeping

- 4-

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1  BMK, 2009 WL 3378593, at *7 (D.Haw. Oct. 21, 2009).

2  　　Here, there are currently three ongoing parallel state proceedings regarding the

3  same precise state law issue: *837 Foothill Blvd. LLC v. Travelers Indemnity Company*

4  *of Connecticut*, Los Angeles Superior Court Case No. 20STCV13929 (Declaration of

5  Ben Meiselas (hereafter "Meiselas Decl.") ¶ 2, Exhibit A); *2420 Honolulu Ave. LLC v.*

6  *Travelers Indemnity Company of Connecticut,* Los Angeles Superior Court Case No.

7  20STCV14000 (Meiselas Decl. ¶ 3, Exhibit B); and *Mark J. Geragos v. Travelers*

8  *Indemnity Company of Connecticut,* Los Angeles Superior Court Case No.

9  20STCV14073 (Meiselas Decl. ¶ 4, Exhibit C), which were ***not*** removed to federal

10  court by Travelers.  All of these lawsuits contain essentially the same factual questions

11  and they are all seeking declaratory relief regarding the denial of insurance coverage

12  due to COVID-19.  Therefore, this action is parallel to other state court actions and

13  should remain in state court because California courts are uniquely situated to deal

14  with issues involving new areas of state law.

15  　　In addition, there is no compelling federal interest to have this action heard in

16  federal court.  The COVID-19 pandemic is a unique disaster and it affects insurance

17  policies in a way that is not covered by California precedent.  This matter therefore

18  raises novel legal questions of state law.  In particular, these cases raise important

19  state legal issues regarding the potential shifting of liability by insurance companies.

20  For instance, in this case, Travelers is attempting to shift liability for covered business

21  losses as a result of COVID-19 to the City of Los Angeles.  Where a federal court

22  doubts whether to exercise jurisdiction, such doubt must be resolved in favor of state

23  court jurisdiction.  *Cheshire v Coca-Cola Bottling Affiliated, Inc*., 758 F. Supp. 1098,

24  1102 (D.S.C. 1990).  Since this action raises novel and important state legal issues, it

25  is better suited to be heard in state court to avoid this Court's needless determination

26  of state law.

27  　　**B.    This Court Should Refrain from Hearing this Case Due to Plaintiff's**
**Forum Shopping.**

28  　　"This factor usually is understood to favor discouraging an insurer from forum

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1    shopping, *i.e.,* filing a federal court declaratory action to see if it might fare better in

2    federal court at the same time the insurer is engaged in a state court action." *American*

3    *Cas. Co. v. Krieger,* 181 F.3d 1113, 1119 (9th Cir.1999). "Typically, 'reactive

4    declaratory judgment actions' occur when a party sues in federal court to determine

5    their liability after the commencement of a state court action." *Gemini,* 2009 WL

6    3378593 at *8 (citing *Dizol,* 133 F.3d at 1225). This *Brillhart* factor also weighs in

7    favor of declining jurisdiction where "a federal plaintiff seeks declaratory relief in

8    anticipation that a related state court proceeding may be filed." *Budget Rent–A–Car v.*

9    *Crawford,* 108 F.3d 1075, 1081 (9th Cir.1997), *overruled in part on other grounds*

10   *by Dizol,* 133 F.3d at 1227.

11        Here, Travelers is clearly engaging in forum shopping. Defendant filed their

12   initial complaint against Travelers in state court, *Geragos & Geragos, APC v.*

13   *Travelers Indemnity Company of Connecticut* in the Los Angeles Superior Court,

14   Case No. 20STCV14022, (Meiselas Decl. ¶ 5, Exhibit D), which was removed by

15   Travelers on May 15, 2020 to the United States District Court, Central District of

16   California, Case No. 2:20-cv-04414-PSG-E. In addition to their removal, Travelers

17   filed this essentially identical complaint against Defendant for declaratory relief on

18   April 20, 2020 in the United States District Court, Central District of California.

19        On May 14, 2020, California Insurance Commissioner Ricardo Lara issued a

20   statement regarding COVID-19 protection for policyholders from Unfair Settlement

21   Practices.[2] In the statement, the Department stated that it has been informed that some

22   insurers are unfairly taking advantage of the COVID-19 crisis, including the backlog

23   of the civil court system in the state, by failing to make settlement offers with full

24   knowledge that policyholders are unable to obtain prompt redress in the California

25   court system. Not only is Travelers compelling Defendant to institute litigation,

26   Travelers is forcing Defendant to simultaneously litigate in both federal and state

27   ───────────────
     [2] *See* http://www.insurance.ca.gov/0250-insurers/0300-insurers/0200-
28   bulletins/bulletin-notices-commiss-opinion/upload/COVID19-
     UnfairStlmtPHProtect.pdf

                                            - 6-

1   court, as they have selectively removed this action while not removing three parallel

2   state court cases, as noted above.  In short, given the fact that Travelers has engaged in

3   forum shopping, this Court should find that the second *Brillhart* factor weighs in favor

4   of abstention.

5      **C.**  **This Court Should Abstain to Avoid Duplicative Litigation.**

6      There is a presumption to decline jurisdiction "[i]f there are parallel state

7   proceedings involving the same issues and parties pending at the time the federal

8   declaratory action is filed." *Dizol,* 133 F.3d at 1225. "When 'another suit involving

9   the same parties and presenting opportunity for ventilation of the same state law issues

10  is pending in state court, a district court might be indulging in gratuitous interference

11  if it permitted the federal declaratory action to proceed.'" *Stewart Title Co. v.*

12  *Investors Funding Corp.,* Civ. No. 09–00455 SOM/KSC, 2010 WL 1904981, at *6

13  (D.Haw. May 11, 2010) (quoting *Wilton,* 515 U.S. at 283).  That said, "[t]he pendency

14  of a state court action does not, of itself, require a district court to refuse federal

15  declaratory relief." *Dizol,* 133 F.3d at 1225.  Further, "there is no presumption in favor

16  of abstention in declaratory actions generally, nor in insurance coverage cases

17  specifically." *Id.*

18     As stated above, there are currently three cases pending in the Superior Court of

19  California, County of Los Angeles involving the same exact factual circumstances and

20  issues raised in this case.  There is a high likelihood that if this case remains in federal

21  court, there will be contradictory decisions regarding Mayor Eric Garcetti and

22  Travelers, who are both defendants in the state court cases, as well as the damages to

23  the plaintiffs in those cases.  This Court should therefore abstain from this case in

24  order to avoid inconsistent outcomes with the pending state court cases.  *See*

25  *OneBeacon Ins. Co. v. Parker, Kern, Nard & Wenzel,* 1:09–cv–00257 AWI GSA,

26  2009 WL 2914203, at *6 (E.D.Cal. Sept. 9, 2009) ("[W]ith the risk of duplicative

27  litigation comes the risk of inconsistent outcomes."); *see, e.g., Phoenix Assurance*

28  *PLC v. Marimed Found. for Island Health Care Training,* 125 F.Supp.2d 1214, 1222

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 7-

1   (D.Haw.2000) (finding that avoidance of duplicative litigation favored a stay because

2   the district court would otherwise have to decide many of the same issues to be

3   decided in pending state court litigation).  Accordingly, the Court should find that the

4   third *Brillhart* factor weighs in favor of abstention.

5            **D.    All Other Factors Weigh in Favor of Abstention**

6            All other factors outlined by the Ninth Circuit in *Dizol* also weigh in favor of

7   abstaining from this federal action.  *See Dizol,* 133 F.3d at 1225 n. 5.  To begin with,

8   the federal action would not settle all aspects of the controversy.  Indeed, even if this

9   Court were to resolve Plaintiff's claims, a number of related issues would remain in

10  the underlying state actions. For instance, while this action would clarify the legal

11  relations between Plaintiff and the defendants in the underlying action, the Court is

12  mindful of "the price of that clarification, which is calculated in terms of 'judicial

13  administration, comity, and fairness to the litigants.'"  *Bituminous Cas. Corp. v. Kerr*

14  *Contractors, Inc.,* CV 10–78–MO, 2010 WL 2572772, at *6 (D.Or. June 22, 2010)

15  (quoting *Chamberlain,* 931 F.2d at 1367).

16           Moreover, resolution of the instant action would result in undue "entanglement

17  between the federal and state court systems." *Dizol,* 133 F.3d at 1225 n. 5. All of the

18  issues here are related and identical to issues that will be faced in the state court

19  actions. *See Stewart,* 2010 WL 1904981 at *7; *cf. Allstate Ins. Co. v. Gillette,* C 05–

20  02385 WHA, 2006 WL 997236, at *4 (N.D.Cal. Apr. 17, 2006) (finding that parallel

21  proceedings did not invite undue entanglement because "[t]he issues [were]

22  sufficiently distinct in the two actions so that the courts [would] not be stepping on

23  each other's toes"). Finally, if the instant action were to proceed, Defendant would be

24  inconvenienced by having to litigate in both state and federal court. By contrast,

25  Travelers would not be greatly inconvenienced by abstention because the pending

26  state actions would thereafter clarify the obligations of all parties in the forum best

27  equipped to do so.

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

## II.   This Court May Stay Based on Abstention Pursuant to Both *Colorado River* and *Younger.*

It is well established that a district court may dismiss, stay, or remand a case based on abstention, particularly when it will facilitate the smooth operation of the judiciary or based upon other "prudential reasons."   As explained in a treatise on federal practice:

> (c) [2:3695] Remand based on abstention: Federal courts may remand an action based on abstention principles. [*Quackenbush v. Allstate Ins. Co.* (1996) 517 US 706, 728; *Corcoran v. Ardra Ins. Co., Ltd.* (2nd Cir. 1988) 842 F2d 31] (Abstention is discussed in detail at ¶2:4360 ff.)
>
> 1) [2:3696] Basis for remand: A remand premised on abstention is not based on a lack of subject matter jurisdiction or on a defect in removal procedure. Thus, the power to remand is not based on the statutory grounds set forth in 28 USC § 1447(c), but rather on the federal court's power to refrain from hearing cases based on "'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary." [*Quackenbush v. Allstate Ins. Co., supra*, 517 US at 712, 718, 116 S.Ct. at 1718, 1721, quoting *Railroad Comm'n of Tex. v. Pullman Co.* (1941) 312 US 496, 500-501, 61 S.Ct. 643, 645].
>
> (d) [2:3699] Remand for other prudential reasons: It would appear, therefore, that a federal court can remand actions for other prudential reasons not otherwise fitting the "absence of jurisdiction" or "removal defects" categories set forth in the remand statute (28 USC § 1447(c)).

The Rutter Group, *Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.)* Ch. 2D-10.

The Northern District of California recently provided a comprehensive explanation of both *Colorado River* and *Younger*[3] abstention that is instructive:

> Under the *Colorado River* doctrine, a federal court may abstain from exercising its jurisdiction in favor of parallel state proceedings where doing so would serve the interests of "[w]ise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation."   *Colorado River Water*

---

[3] *Younger v. Harris* (1971) 401 U.S. 37.

*Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). "Exact parallelism" between the state and federal actions is not required; it is enough if the two actions are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.1989). Nonetheless, the Ninth Circuit has emphasized that "the *Colorado River* doctrine is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.' "*Holder v. Holder*, 305 F.3d 854, 867 (9th Cir.2002) (quoting *Colorado River*, 424 U.S. at 817). Accordingly, a stay of proceedings pursuant to the *Colorado River* doctrine is appropriate only where "exceptional circumstances" are present. *Id.* Generally, a court determines whether Colorado River abstention is appropriate by carefully weighing a number of relevant factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. However, the Ninth Circuit has identified a "significant countervailing consideration" that may be dispositive, despite the presence of other factors favoring a stay. *Intel Corp. v. Advanced Micro Devices, Inc.,* 12 F.3d 908, 913 (9th Cir.1993). That is, "[u]nder the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Id*. As the Supreme Court stated in *Moses H. Cone*:  When a district court decides to dismiss or stay under *Colorado River*; it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.  460 U.S. at 28. Accordingly, a district court may stay a proceeding pursuant to *Colorado River* only if it has "full confidence" that the state court proceeding will resolve the federal litigation. *Intel*, 12 F.3d at 913 (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988)).

*Shyh-Yih Hao v. Wu-Fu Chen*, No. 10-CV-00826-LHK, 2011 WL 941292, at *10-11 (N.D. Cal. Mar. 16, 2011).

If this Court abstains from hearing this matter, all of the claims involving Defendant and Travelers will be adjudicated.  Abstention will also foreclose the possibility of piecemeal litigation.  Accordingly, this Court can, and should, abstain from the matter pursuant to *Colorado River* abstention.

- 10-

The *Younger* abstention doctrine was also discussed by the Northern District of California in *Shyh-Yih Hao*:

> *Younger* abstention is a jurisprudential doctrine rooted in principles of equity, comity, and federalism that limits a federal court's power to enjoin or interfere with state-court litigation. *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008). Under the doctrine articulated in *Younger*, a federal district court must abstain from exercising jurisdiction if four conditions are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal issues in the state proceeding; and (4) the federal court action would "enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008); see also *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148–49 (9th Cir.2007). A court should abstain under *Younger* only when all four requirements are "strictly met." *Id.* at 1148.

*Shyh-Yih Hao v. Wu-Fu Chen*, No. 10-CV-00826-LHK, 2011 WL 941292, at *12 (N.D. Cal. Mar. 16, 2011).

Each *Younger* prong is strictly met here.  First, there are three state-initiated proceedings ongoing against Travelers as discussed above.  Second, the proceedings in the state court implicate important state interests predicated solely upon state causes of action. Specifically, California has a strong interest in the enforcement of its insurance policies and the fact that the COVID-19 pandemic raises novel unsettled issues of state law. The third prong is inapplicable and may be properly disregarded as there are no federal issues raised.  The fourth prong is met by virtue of the fact that this case will interfere with the three state court cases by causing piecemeal litigation, the possibility of inconsistent results, and unnecessary expense for the parties.

Accordingly, the Court should abstain from exercising further jurisdiction in this matter or grant the alternative relief requested herein.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1

**CONCLUSION**

2

For the foregoing reasons, Defendant respectfully request that this Court issue:

3

(1) an order dismissing the action or, (2) an order staying this action pending

4

resolution of the three parallel state cases or, (3) an order granting whatever other

5

relief the Court deems just and appropriate under the circumstances.

6

7

DATED:  June 2, 2020                    **GERAGOS & GERAGOS, APC**

8

By:___/s/ Ben Meiselas_____

9

               MARK J. GERAGOS

10

               BEN J. MEISELAS

               MATTHEW M. HOESLY

11

               Attorneys for Defendant

12

               GERAGOS & GERAGOS, APC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GERAGOS & GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411