1

2

3

4

5

6

**GIBSON, DUNN & CRUTCHER LLP**
THEODORE J. BOUTROUS JR., SBN 132099
   tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
   rdoren@gibsondunn.com
DEBORAH L. STEIN, SBN 224570
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fac.: 213.229.7520

7

8

9

10

11

**ROBINSON & COLE LLP**
STEPHEN E. GOLDMAN (admitted *pro hac vice*)
   sgoldman@rc.com
WYSTAN M. ACKERMAN (admitted *pro hac vice*)
   wackerman@rc.com
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Fac.: 860.275.8299

12

13

Attorneys for Plaintiff Travelers Casualty
Insurance Company of America

14

15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br><br>              Plaintiff, <br><br>    v. <br><br> GERAGOS & GERAGOS, A PROFESSIONAL CORPORATION, <br><br>              Defendant. | **CASE NO. 2:20-cv-03619-PSG-E** <br><br> **PLAINTIFF TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS** <br><br> **Hearing:** <br><br> Date:       August 3, 2020 <br> Time:      1:30 p.m. <br> Place:      Courtroom 6A <br>               First Street Courthouse <br>               350 W. First Street <br>               Los Angeles, CA 90012 <br> Judge:    Philip S. Gutierrez |

# MEMORANDUM OF POINTS AND AUTHORITIES
## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................ 2

III. ARGUMENT......................................................................................................... 3

    A. Dismissal Under *Brillhart* Is Improper ...................................................... 3

        1. This Action Does Not Involve Any "Needless Determinations of State Law Issues"................................................. 4

        2. Travelers Has Not Engaged in Forum Shopping............................ 9

        3. There Is No Risk of Duplicative Litigation ................................... 10

        4. The Remaining *Brillhart* Factors Favor Jurisdiction.................... 11

    B. *Colorado River* or *Younger* Abstention Is Inappropriate......................... 12

IV. CONCLUSION .................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*757BD LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
  330 F. Supp. 3d 1153 (D. Ariz. 2016) ....................................................... 10

*Aetna Cas. & Sur. Co. v. Merritt*,
  974 F.2d 1196 (9th Cir. 1992) .................................................................... 9

*Allstate Insurance Co. v. Davis*,
  430 F. Supp. 2d 1112 (D. Haw. 2006) ......................................................... 8

*Allstate Insurance Co. v. Herron*,
  634 F.3d 1101 (9th Cir. 2011) .................................................................... 7

*Am. Cas. Co. of Reading, Pennsylvania v. Krieger*,
  181 F.3d 1113 (9th Cir. 1999) ............................................................. 6, 11

*AmTrust Int'l Underwriters Ltd. v. Silver Star Constr. Eng'g, Inc.*,
  No. CV 18-4776-MWF (JEMx), 2018 WL 5819454 (C.D. Cal. Oct.
  30, 2018) .................................................................................................. 11

*Bailey v. Pritzker*,
  No. 3:20-cv-474 (S.D. Ill. May 22, 2020) .................................................... 9

*Brillhart v. Excess Insurance Company of America*,
  316 U.S. 491 (1942) .................................................................................... 4

*Carolina Cas. Ins. Co. v. Bolling, Walter & Gawthrop*,
  No. CIV.S-04-2445FCDPAN, 2005 WL 1367096 (E.D. Cal. May 31,
  2005), *aff'd*, 244 F. App'x 762 (9th Cir. 2007) ................................... 7, 11

*Chamberlain v. Allstate Ins. Co.*,
  931 F.2d 1361 (9th Cir. 1991) .................................................................. 12

*Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp.*,
  642 F.3d 849 (9th Cir. 2011) .................................................................. 3, 4

*Dianoia's Eatery, LLC v. Motorists Mutual Ins. Co.*,
  No. 2:20-cv-00706-NBF (W.D. Pa. May, 19, 2020) .................................. 8, 9

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
  545 U.S. 546 (2005) .................................................................................... 3

## TABLE OF AUTHORITIES
(*continued*)

Page(s)

*First State Ins. Co. v. Callan Assocs., Inc.*,
  113 F.3d 161 (9th Cir. 1997) ................................................................. 3, 9

*Gemini Insurance Company v. Clever Construction, Inc.*,
  Civ. No. 09-00290 DAE-BMK, 2009 WL 3378593 (D. Haw. Oct. 21,
  2009) ..................................................................................................... 6, 8

*Geragos & Geragos, APC v. Travelers Indem. Co. of Conn.*,
  No. 2:20-cv-04414-PSG-E (C.D. Cal. May 15, 2020) ...................... 2, 3, 7

*Gov't Emps. Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) ................................................ 4, 9, 11, 12

*Herrera v. City of Palmdale*,
  918 F.3d 1037 (9th Cir. 2019) ..................................................................13

*Keown v. Tudor Insurance Co.*,
  621 F. Supp. 2d 1025 (D. Haw. 2008) ........................................................8

*Maryland Cas. Co. v. Knight*,
  96 F.3d 1284 (9th Cir. 1996) .....................................................................6

*Mitsui Sumitomo Ins. Co. of Am. v. Delicato Vineyards*,
  No. CIV. S-06-2891 FCD GGH, 2007 WL 1378025 (E.D. Cal. May
  10, 2007) ...................................................................................................7

*Monster Beverage Corp. v. Herrera*,
  650 F. App'x 344 (9th Cir. 2016) .............................................................13

*Mpoyo v. Litton Electro-Optical Sys.*,
  430 F.3d 985 (9th Cir. 2005) ...................................................................12

*National Chiropractic Mutual Insurance Co. v. Doe*,
  23 F. Supp. 2d 1109 (D. Alaska 1998) ........................................................8

*OneBeacon Ins. Co. v. Parker, Kern, Nard & Wenzel*,
  No. 1:09-CV-00257 AWI GS, 2009 WL 2914203 (E.D. Cal. Sept. 9,
  2009) .......................................................................................................11

Gibson, Dunn &
Crutcher LLP

## TABLE OF AUTHORITIES
(*continued*)

Page(s)

*Phoenix Assurance PLC v. Marimed Found. for Island Health Care
      Training*,
      125 F. Supp. 2d 1214 (D. Haw. 2000) ...................................................... 11

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
      656 F.3d 966 (9th Cir. 2011) ...................................................................... 9

*San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh,
      PA*,
      No. 3:15-cv-1401-BEN-MDD, 2016 WL 3766364 (S.D. Cal. July 6,
      2016) .......................................................................................................... 7

*Seneca Ins. Co., Inc. v. Strange Land, Inc.*,
      862 F.3d 835 (9th Cir. 2017) ............................................................... 8, 12

*Sprint Commc'ns, Inc. v. Jacobs*,
      571 U.S. 69 (2013) .................................................................................... 13

*Whittaker Corp. v. AIG Specialty Ins. Co.*,
      No. 2:18-cv-08453-AB-PLA, 2019 WL 517629 (C.D. Cal. Feb. 6,
      2019) .......................................................................................................... 7

*Wilton v. Seven Falls Co.*,
      515 U.S. 277 (1995) .................................................................................... 6

**Rules**

C.D. Cal. L.R. 83-1.4 ......................................................................................... 6

1    Plaintiff Travelers Casualty Insurance Company of America ("Travelers")

2  hereby submits this Opposition to Defendant's Motion to Dismiss the Complaint, or in

3  the Alternative, to Stay Proceedings.

4  **I.    INTRODUCTION**

5    This insurance coverage action is properly in federal court pursuant to this

6  Court's diversity jurisdiction, which Defendant Geragos & Geragos, APC

7  ("Defendant" or "G&G") does not dispute.  Instead, G&G asks this Court to

8  voluntarily decline jurisdiction under various abstention doctrines—*Brillhart*,

9  *Colorado River*, and *Younger*.  Plaintiff's motion is premised on the fiction that there

10  are "identical" and "parallel" actions pending in state court.  No such actions exist.

11    *First*, though G&G accuses Travelers of forum shopping by filing this lawsuit

12  after G&G filed its own declaratory judgment action, G&G presents no arguments

13  seeking to dismiss or stay in favor of G&G's lawsuit.  *Brillhart*, *Colorado River*, and

14  *Younger* all require parallel *state court* actions.  G&G's lawsuit against The Travelers

15  Indemnity Company of Connecticut is *neither* in state court nor identical to this

16  lawsuit.  G&G sued the wrong Travelers entity, fraudulently joined Mayor Eric

17  Garcetti as a co-defendant, improperly framed the coverage issues in its declaratory-

18  relief claim, and sued on only one of its insurance policies when G&G has claimed

19  losses under *two* different Travelers policies.  Accordingly, Travelers filed this lawsuit,

20  which is on behalf of the correct Travelers entity, does not attempt to embroil the

21  Mayor (who has no role in this dispute), and seeks coverage declarations regarding

22  both of G&G's policies.  This lawsuit is the best vehicle to efficiently resolve all of the

23  issues between the parties, and it is properly in federal court.

24    *Second*, there are no "parallel" state court actions involving the same parties and

25  issues as this lawsuit.  G&G points to three state-court cases that Travelers is litigating

26  with *different insureds* operating *different businesses* insured under *different contracts*.

27  The only connection between those cases and this case is that G&G is *counsel* for

28  those other businesses.  But there is no authority for treating state and federal court

cases as "parallel"—let alone abstaining from hearing a federal court case—just because the same *law firm* is involved in multiple cases.

Further, this lawsuit presents a straightforward issue of contract application. G&G claims business income losses due to the Coronavirus, but both of its policies contain exclusions for any "loss or damage resulting from any virus."  No one can possibly dispute that the Coronavirus is a virus.  For this reason (and others), the policies' plain language bars G&G's alleged losses.  Applying this plain-language contract interpretation does not involve any novel or complex issues of state law, and abstention would be improper.

The Court should deny G&G's Motion and retain jurisdiction over this action.

## II.   FACTUAL BACKGROUND

On April 10, 2020, G&G filed a declaratory judgment action in Los Angeles Superior Court regarding a claim for losses at its Los Angeles office only against The Travelers Indemnity Company of Connecticut and Los Angeles Mayor Eric Garcetti. G&G's lawsuit was plagued from the get-go:  (i) G&G sued the wrong company, as Travelers Casualty Insurance Company of America issued the policy identified in G&G's complaint;[1] (ii) G&G fraudulently joined Mayor Garcetti as a defendant, who is not a party to the insurance contract at issue and does not have any rights or obligations under that contract; (iii) the complaint addressed only G&G's claimed losses at its Los Angeles office, even though G&G made a separate claim, under a separate Travelers policy, for alleged losses at G&G's New York office; and (iv) the complaint failed to acknowledge the policy's virus exclusion.

Accordingly, on April 20, 2020, Travelers Casualty Insurance Company of America—the entity that issued the insurance policies for both G&G locations—filed this lawsuit in federal court and correctly framed all of the issues between the correct

---

[1]  The policy at issue in G&G's complaint is attached as Exhibit A to Travelers' Complaint in this action.  *Compare* Compl., Ex. A, ECF No. 1-1 (policy), *with Geragos & Geragos, APC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-04414-PSG-E, ECF No. 1-2 (C.D. Cal. May 15, 2020) (G&G's complaint).

parties in the proper forum.  This action seeks declaratory relief under two insurance policies that Travelers issued to G&G regarding G&G's claimed losses of business income at its Los Angeles and New York offices related to the Coronavirus.  *See generally* Compl., ECF No. 1.

Travelers also properly removed G&G's original lawsuit on May 15, 2020, on the basis of diversity subject-matter jurisdiction.  The action was subsequently transferred to this Court.  *See Geragos & Geragos, APC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-04414-PSG-E, ECF No. 1 (C.D. Cal. May 15, 2020); *id.*, ECF No. 12 (May 21, 2020).

## III.    ARGUMENT

Travelers properly filed this action in federal court based on the Court's diversity jurisdiction—and G&G does not contend otherwise.  The Court should not abstain from hearing this action.  The purpose of diversity jurisdiction is to give an out-of-state party like Travelers the option of a federal forum—particularly where, as here, the other party is a home-state litigant.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553–54 (2005) ("[T]he purpose of the diversity requirement . . . is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants.").  In fact "the desire for a federal forum is *assured* by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III."  *First State Ins. Co. v. Callan Assocs., Inc.*, 113 F.3d 161, 162 (9th Cir. 1997).

None of the abstention doctrines that G&G relies on—*Brillhart*, *Colorado River*, and *Younger*—warrants abstention here, and the Court should deny G&G's Motion and continue to exercise its jurisdiction over this action.

### A.    Dismissal Under *Brillhart* Is Improper

The Declaratory Judgment Act ("DJA") does not permit courts to "decline" jurisdiction over lawsuits, like this one, that are properly filed in federal court. *Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th

Gibson, Dunn & Crutcher LLP

Plaintiff Travelers Casualty Insurance Company of America's Opposition to Motion to Dismiss or Stay         3                          2:20-cv-03619-PSG-E

Cir. 2011).  That said, courts have discretion whether or not to award a declaratory "*remedy*."  *Id.* (emphasis added).

In the Ninth Circuit, a district court's decision to hear a declaratory claim is governed by the "*Brillhart* factors."  *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) (citing *Brillhart v. Excess Insurance Company of America*.  316 U.S. 491, 494 (1942)).  The three primary *Brillhart* factors are (1) whether the declaratory action will involve "needless determination of state law issues," (2) whether the declaratory action will promote "forum shopping," and (3) whether the declaratory action will create "duplicative litigation."  *Id.*  These factors are "not exhaustive," however, and a court may also consider:

> whether the declaratory action will settle all aspects of the controversy;
> whether the declaratory action will serve a useful purpose in clarifying the
> legal relations at issue; whether the declaratory action is being sought merely
> for the purposes of procedural fencing or to obtain a 'res judicata'
> advantage; or whether the use of a declaratory action will result in
> entanglement between the federal and state court systems.  In addition, the
> district court might also consider the convenience of the parties, and the
> availability and relative convenience of other remedies.

*Id.* at 1225 n.5.

"There is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically."  *Id.* at 1225.

Each *Brillhart* factor militates in favor of hearing Travelers' declaratory action.

### 1.    This Action Does Not Involve Any "Needless Determinations of State Law Issues"

There are no "needless" determinations of state law in this action.  As G&G concedes, legal issues are "needless" when an "ongoing parallel state proceeding" will resolve the "precise state law issue" presented in federal court action.  Mot. at 4.  Further, the state law issue must be "unsettled."  *Id.*  Neither condition is satisfied here.

Gibson, Dunn &
Crutcher LLP

Plaintiff Travelers Casualty Insurance Company of
America's Opposition to Motion to Dismiss or Stay          4          2:20-cv-03619-PSG-E

*First*, there are no parallel state proceedings that will resolve the same issues presented in this case.  G&G points to three state-court cases—*837 Foothill Blvd. LLC v. Travelers Indemnity Company of Connecticut*, *2420 Honolulu Ave. LLC v. Travelers Indemnity Company of Connecticut*, and *Mark J. Geragos v. Travelers Indemnity Company of Connecticut*—filed by various plaintiffs in Los Angeles Superior Court.  Mot. at 5.  G&G happens to be the *law firm* representing these plaintiffs, but G&G itself is not a party to any of the actions, nor is it a party to the different insurance policies at issue therein.  Rather, these state court actions involve *different insureds* that are engaged in *different businesses* and subject to *different insurance policies*:

- **837 Foothill Blvd. LLC** claims to own and manage "a small commercial business center" with "printing and beauty services" in La Canada Flintridge;
- **2420 Honolulu Ave. LLC** claims to own, operate and/or manage a "restaurant/ deli" in Montrose; and
- **Mark J. Geragos** claims to be an individual who owns "commercial business retail space" with a "bookstore and a law office" in Glendale.[2]

Other than the superficial fact that all of these cases seek declaratory relief regarding business income coverage relating to COVID-19 (like many other lawsuits that have been filed in the past few months against insurers across the country), there is no meaningful overlap between this action and those that G&G identifies.

Indeed, this Court has already found that the present action is *not related* to cases brought by other insureds represented by G&G against other Travelers affiliates, because, as the Court stated, those "cases involve *different parties* and *different insurance policies*."  Order, *10E LLC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-4418, ECF No. 11 at 2 (C.D. Cal. May 21, 2020) (emphasis added); Order, *Mark's Engine Co. No. 28 Restaurant, LLC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-

---

[2] Although Mark Geragos is counsel of record for and the Chief Executive Officer of G&G, that does not mean the law firm G&G is a party to Mr. Geragos's individual lawsuit about a different business.

Gibson, Dunn & Crutcher LLP

Plaintiff Travelers Casualty Insurance Company of America's Opposition to Motion to Dismiss or Stay                5                2:20-cv-03619-PSG-E

4423, ECF No. 11 at 2 (C.D. Cal. May 21, 2020) (same); Order, *Geragos & Geragos Fine Arts Bldg., LLC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-4427, ECF No. 12 at 2 (C.D. Cal. May 21, 2020) (same).  Tellingly, G&G also has not filed a "Notice of Pendency of Other Actions or Proceedings" in this action (or any other), which it was obligated to file if it really believed that the parties here were involved in parallel state court actions.  *See* C.D. Cal. L.R. 83-1.4.

Given the variety in each insured's business, their claimed business-income losses and factual allegations are also different:  *2420 Honolulu* concerns a California restaurant and *837 Foothill* and *Geragos* concern California commercial real estate, while this action concerns a law firm and its offices in both California and New York.

Because "there are no parallel state court proceedings," this case "lie[s] at the 'outer boundaries' of the district court's discretion under the [DJA]," providing "little reason for the district court to consider dismissing this case."  *Maryland Cas. Co. v. Knight*, 96 F.3d 1284, 1289 (9th Cir. 1996) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)); *see also, e.g.*, *Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1118–19 (9th Cir. 1999) (finding district court "did not abuse its discretion in deciding that this first *Brillhart* factor weighed in favor of retention of jurisdiction" when there was no "parallel state proceeding").[3]

*Second*, this action does not involve "novel" issues of state law.  Mot. at 4–5.  In

---

[3]  G&G contends that a state action is "parallel" to a federal action when "(1) the actions arise from the same factual circumstances; (2) there are overlapping factual questions in the actions; or (3) the same issues are addressed by both actions," quoting *Gemini Insurance Company v. Clever Construction, Inc.*, Civ. No. 09-00290 DAE-BMK, 2009 WL 3378593, *7 (D. Haw. Oct. 21, 2009), an unpublished decision from the District Court of Hawaii.  But this case involves straightforward questions of contract interpretation, not factual questions.  And each case involves a different plaintiff and insurance policy.  Indeed, *Gemini* found there was no "parallel proceeding" where a pending arbitration did not "in any *direct way* involve litigation on any of the insurance carriers' duties to . . . their insureds" and "no issues of insurance coverage [were] directly at issue in the [arbitration]," even though there "may [have been] some overlapping factual issues" affecting the court's interpretation of various policy provisions.  *Id.* at *7 & n.6, 10.

Gibson, Dunn & Crutcher LLP

*Allstate Insurance Co. v. Herron*, the Ninth Circuit held that district courts may properly retain jurisdiction over "straightforward [insurance] contract dispute[s]" that present "no issues of [state] law outside of that defining [the parties'] contractual relationship."  634 F.3d 1101, 1108 (9th Cir. 2011).  District courts in this circuit have thus retained jurisdiction under *Brillhart* in declaratory actions involving the interpretation of insurance policies.  *See, e.g.*, *Carolina Cas. Ins. Co. v. Bolling, Walter & Gawthrop*, No. CIV.S-04-2445FCDPAN, 2005 WL 1367096, at *5 (E.D. Cal. May 31, 2005) ("[T]he instant dispute does not require this court to decide novel questions of state law.  To the contrary, the parties' dispute requires interpretation of [an insurance] [p]olicy."), *aff'd*, 244 F. App'x 762 (9th Cir. 2007); *Whittaker Corp. v. AIG Specialty Ins. Co.*, No. 2:18-cv-08453-AB-PLA, 2019 WL 517629, at *8 (C.D. Cal. Feb. 6, 2019) ("This evaluation should involve a relatively straightforward analysis of the policy, without infringing on novel state law issues." (quoting *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 3:15-cv-1401-BEN-MDD, 2016 WL 3766364, at *4 (S.D. Cal. July 6, 2016))); *Mitsui Sumitomo Ins. Co. of Am. v. Delicato Vineyards*, No. CIV. S-06-2891 FCD GGH, 2007 WL 1378025, at *6 (E.D. Cal. May 10, 2007) ("While this analysis is governed by state law, the principles of contract interpretation are well settled, and [a federal] court is an appropriate forum to adjudicate this matter.").

Here, this action concerns the straightforward interpretation of G&G's insurance policies.  As explained in Travelers' Motion to Dismiss G&G's First Amended Complaint in its original action,[4] the policies at issue include a provision that plainly excludes any type of property coverage for any type of loss caused by a virus.  The Court's interpretation of that policy language, and application to this case, does not involve any complex issue of state law.  G&G suggests that cases regarding COVID-19 business losses are *significant* or *important*, presumably because of the volume of

---

[4]  *Geragos & Geragos, APC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-04414-PSG-E, ECF No. 24 (C.D. Cal. June 26, 2020).

Gibson, Dunn & Crutcher LLP

Plaintiff Travelers Casualty Insurance Company of America's Opposition to Motion to Dismiss or Stay          7          2:20-cv-03619-PSG-E

litigation and the sheer sum of alleged losses across the country (and the world).  Mot. at 2, 5.  But that does not make the issues complex.  *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 843–44 (9th Cir. 2017).  "[F]ederal courts routinely" resolve "state insurance law" disputes.  *Id.* at 844 & n.3.

G&G cites no cases to the contrary.  For example, *Allstate Insurance Co. v. Davis*, 430 F. Supp. 2d 1112, 1120 (D. Haw. 2006) (cited at Mot. at 4), found that the insurance issues before it did "not implicate novel or unsettled matters of state law." "On numerous occasions," the court explained, "[it] has interpreted insurance policies pursuant to Hawaii state law to determine the scope of an insurer's duties to an insured."  *Id.*  Similarly, the District Court of Alaska in *National Chiropractic Mutual Insurance Co. v. Doe* held that "*[i]f* there were unsettled issues of state law" before it, "they could easily be certified to the Alaska Supreme Court," which "has frequently accepted certification of insurance coverage issues from this Court and the Ninth Circuit."[5]  23 F. Supp. 2d 1109, 1118 (D. Alaska 1998) (emphasis added) (cited at Mot. at 4).

In *Dianoia's Eatery, LLC v. Motorists Mutual Ins. Co.*, No. 2:20-cv-00706-NBF, ECF No. 3 (W.D. Pa. May, 19, 2020) (cited at Mot. at 3–4), the Western District of Pennsylvania remanded because defendant's notice of removal was deficient—which is

---

[5] The only case G&G relies on that did find "unsettled issues of state law" is *Keown v. Tudor Insurance Co.*, 621 F. Supp. 2d 1025, 1032 (D. Haw. 2008).  Mot. at 4. *Keown*, however, probed whether an insurer was obligated to defend and indemnify the plaintiff in a state court action, and concerned a specific "liability insurance exclusion" that is not at issue here, in this first-party property insurance business-interruption coverage action.  *Id.*  And while *Keown* found it appropriate in its discretion to allow "Hawaii state courts [to] determine the proper scope" of the exclusion, *id.*, other district courts in Hawaii have found themselves more than capable of applying state law to the insurance issues presented to them.  G&G relies on one such case:  *Gemini Insurance Co. v. Clever Construction, Inc.*, Civ. No. 09-00290 DAE-BMK, 2009 WL 3378593 (D. Haw. Oct. 21, 2009)).  Mot. at 4. *Gemini* explained that "[w]hile there is always a threat of inconsistent interpretation of the law between federal courts and state courts, such danger is faced nearly every day in federal courts sitting in diversity."  2009 WL 3378593, at *8.  "The fact that state law issues are implicated is not, in and of itself, sufficient grounds for declining jurisdiction."  *Id.*

not an issue here.  The court's alternative ruling under the DJA rested entirely on Third Circuit and Pennsylvania Supreme Court precedent to which there is no California equivalent.  *Id.* at 5.  Further, *Bailey v. Pritzker*, No. 3:20-cv-474, ECF No. 15 (S.D. Ill. May 22, 2020) (cited at Mot. at 4), involves the legality of an Illinois civil authority order, and the court in that case has not ruled on the pending motion to remand.  G&G cites only a *brief* by the United States Department of Justice, not any court order.

  *Brillhart*'s first factor thus weighs in favor of retaining jurisdiction.

### 2.  Travelers Has Not Engaged in Forum Shopping

  Under the second *Brillhart* factor, G&G contends that Travelers has engaged in forum shopping by (1) filing this action, (2) removing G&G's original state-court action, and (3) not removing the three allegedly "parallel" state-court actions discussed above.  Mot. at 6.  All three arguments fail.

  *First*, no forum shopping has occurred in this action because the federal forum is proper—this is a contract dispute between diverse parties—and Travelers appropriately sought federal jurisdiction in bringing this action.  *See First State Ins. Co. v. Callan Assocs., Inc.*, 113 F.3d 161, 162 (9th Cir. 1997) ("Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III.").  Indeed, as the Ninth Circuit has stated, there is "no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."  *Dizol*, 133 F.3d at 1225 (quoting *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992)).  And although "reactive" declaratory actions are generally disfavored under the second *Brillhart* factor, it is not prohibitive for an insurer "to seek a forum that could resolve all issues related to [an insurance policy] *in one comprehensive proceeding*," as Travelers has done here in this action, by seeking adjudication of both its insurance policies with G&G.  *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 976, 981–82 (9th Cir. 2011) (emphasis added).  Moreover, this is not a situation where an insurer

Gibson, Dunn & Crutcher LLP

Plaintiff Travelers Casualty Insurance Company of America's Opposition to Motion to Dismiss or Stay  9  2:20-cv-03619-PSG-E

1   filed a declaratory relief action in an entirely different state or forum than where the

2   insured's action is venued.  Here, G&G's initial action against Travelers is before this

3   very Court, despite G&G's attempt to deprive Travelers of a federal forum by

4   fraudulently joining the Mayor of Los Angeles to an insurance coverage dispute.

5   *Second*, removing a case to federal court is not forum shopping.  Where, as here,

6   a case involves diverse parties and satisfies the amount in controversy, the defendant

7   has a *right* to a federal forum.  *See 757BD LLC v. Nat'l Union Fire Ins. Co. of*

8   *Pittsburgh, PA*, 330 F. Supp. 3d 1153, 1166 (D. Ariz. 2016) (finding second *Brillhart*

9   factor weighed in favor of retaining action because to decline jurisdiction "would

10  deprive [the insurer] of its choice to litigate this matter in federal court, and undermine

11  the federal interest in providing a neutral forum free from an appearance of favoritism

12  against an out-of-state party" (citation omitted)).

13  *Third*, the unrelated state proceedings—and the fact that they have not been

14  removed to federal court—have no relevance here.[6]  As discussed above, those actions

15  involve different parties and different insurance policies and thus do not bear on the

16  parties' dispute in this action.  Further, each case must be separately evaluated to

17  determine whether it satisfies the requirements for federal-court jurisdiction, and that is

18  exactly what Travelers did.  Contrary to G&G's position, Travelers has not attempted

19  to burden G&G by "forcing" it to "simultaneously litigate in both federal and state

20  court." Mot. at 6–7.  Indeed, G&G is *not* a party to any of those state court actions.

21  The only two cases between G&G and Travelers (this case and G&G initial action) are

22  both in federal court.

23  *Brillhart*'s second factor thus weighs in favor of retaining jurisdiction.

### 3.    There Is No Risk of Duplicative Litigation

25  For the third *Brillhart* factor, G&G repackages arguments already discussed

26  above, contending that the "three cases pending" in Los Angeles Superior Court

---

[6]  The unrelated state proceedings potentially could become removable at a later point in those actions.

Gibson, Dunn &
Crutcher LLP

Plaintiff Travelers Casualty Insurance Company of
America's Opposition to Motion to Dismiss or Stay            10            2:20-cv-03619-PSG-E

"involv[e] the same exact factual circumstances and issues raised in this case" and thus "[t]here is a high likelihood that if this case remains in federal court, there will be contradictory decisions."  Mot. at 7.  But again G&G ignores that the three state proceedings involve different parties and different insurance policies.  Accordingly, because no "parallel" proceedings exist, there can be no "waste of judicial resources," which is the inherent concern with duplicative litigation.  *See Am. Cas. Co. of Reading, Pennsylvania*, 181 F.3d at 1119; *see also, e.g.*, *AmTrust Int'l Underwriters Ltd. v. Silver Star Constr. Eng'g, Inc.*, No. CV 18-4776-MWF (JEMx), 2018 WL 5819454, at *3 (C.D. Cal. Oct. 30, 2018) ("The standard for duplicative litigation . . . is whether the same issues between the same parties are currently being litigated in state court."); *Carolina Cas. Ins. Co.*, 2005 WL 1367096, at *5–6 (finding no duplicative litigation where federal and state cases involved "entirely different contract[s]" involving different parties and issues).[7]

    *Brillhart*'s third factor thus weighs in favor of retaining jurisdiction.

### 4.  The Remaining *Brillhart* Factors Favor Jurisdiction

    Given the absence of "parallel" state proceedings here, the rest of the *Brillhart* factors further weigh in favor of retaining jurisdiction.  *Dizol*, 133 F.3d at 1225 n.5. This action "will settle all aspects of the controversy" precisely because this action captures the entire dispute between G&G and Travelers with respect to the insurance policies at issue and G&G's claimed business losses at both of its offices.  *Id.*  Not only is the present action comprehensive, but it also involves the actual Travelers entity that issued the insurance policies to G&G, unlike G&G's original action (in

---

[7] G&G loosely relies on *OneBeacon Ins. Co. v. Parker, Kern, Nard & Wenzel*, No. 1:09-CV-00257 AWI GS, 2009 WL 2914203 (E.D. Cal. Sept. 9, 2009), and *Phoenix Assurance PLC v. Marimed Found. for Island Health Care Training*, 125 F. Supp. 2d 1214 (D. Haw. 2000), in its "duplicative litigation" analysis.  Mot. at 7–8.  However, those cases are inapposite here, as they involved coverage disputes that required predicate factual determinations from underlying cases ongoing in state court.

1   which G&G erroneously sued another Travelers affiliate[8]) and also unlike any of the

2   purported "parallel" state proceedings (which involve different parties and contracts).

3   Accordingly, this action "will serve a useful purpose in clarifying the legal relations at

4   issue" between *G&G and Travelers*. *Id.* Moreover, as discussed above, this action

5   was not sought "for the purposes of procedural fencing or to obtain a 'res judicata'

6   advantage," as Travelers has rightfully sought federal jurisdiction over the contract

7   dispute between itself and G&G and it will not have res judicata effects over any state

8   proceedings. *Id.* Indeed, for res judicata to apply between these actions, "*identical*

9   parties or privies" are required. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985,

10  987 (9th Cir. 2005) (emphasis added). And finally, this action will not "result in

11  entanglement between the federal and state court systems" given the lack of overlap

12  with any ongoing state proceedings. *Dizol*, 133 F.3d at 1225 n.5.

13       For all these reasons and those discussed above, all of the *Brillhart* factors

14  weigh in favor of the Court retaining and exercising jurisdiction.

15       **B.    *Colorado River* or *Younger* Abstention Is Inappropriate**

16       G&G's argument for *Colorado River* and *Younger* abstention largely consists of

17  a three-page, single-spaced block quote from The Rutter Guide with little analysis, and

18  no attempt to apply the standards to this case. Abstention under either doctrine is

19  inappropriate, however, because certain threshold requirements under both doctrines

20  have not been satisfied.

21       For *Colorado River* to apply, the action cannot solely be brought under the DJA.

22  *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366 (9th Cir. 1991); *see also*

23  *Seneca*, 862 F.3d at 841 (holding that *Colorado River* "correctly" applies to actions

24  seeking declaratory *and* non-declaratory remedies, but non-declaratory remedies must

25  afford an "independent basis" for federal jurisdiction). This action, however, *is* solely

26  brought under the DJA. Thus, *Colorado River* does not apply.

27  _____

28  [8]  Even after filing an amended complaint in G&G's original action, G&G continues
     to name an incorrect entity as the defendant.

Gibson, Dunn &
Crutcher LLP

Plaintiff Travelers Casualty Insurance Company of          12                    2:20-cv-03619-PSG-E
America's Opposition to Motion to Dismiss or Stay

1  *Younger* applies only in three specific categories of cases—"state criminal

2  prosecutions," "civil enforcement proceedings," and "civil proceedings involving

3  certain orders that are uniquely in furtherance of the state courts' ability to perform

4  their judicial functions"—but no such circumstances exist here. *Sprint Commc'ns, Inc.*

5  *v. Jacobs*, 571 U.S. 69, 73 (2013); *Monster Beverage Corp. v. Herrera*, 650 F. App'x

6  344, 346 (9th Cir. 2016). There is no "parallel, pending state criminal proceeding[]",

7  no "state civil proceedings that are akin to criminal prosecutions," and no "state civil

8  proceedings that implicate a State's interest in enforcing the orders and judgments of

9  its courts." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019)

10  (quotation marks omitted). G&G has not argued or even suggested otherwise.

11  *Younger*, thus, does not apply here.

12  Because none of the threshold requirements of *Colorado River* or *Younger*

13  exists, abstention under either doctrine would be inappropriate.

## IV.   CONCLUSION

15  For all of the reasons stated above, Travelers respectfully requests that the Court

16  deny G&G's Motion to Dismiss the Complaint or in the alternative, to Stay

17  Proceedings.

19  Dated: June 29, 2020                 GIBSON, DUNN & CRUTCHER LLP

20                                       By:  */s/ Richard J. Doren*
                                         Richard J. Doren, SBN 124666
21                                          rdoren@gibsondunn.com
                                         Theodore J. Boutrous Jr., SBN 132099
22                                          tboutrous@gibsondunn.com
                                         Deborah L. Stein, SBN 224570
23                                          dstein@gibsondunn.com
                                         333 South Grand Avenue
24                                       Los Angeles, CA 90071-3197
                                         Tel.: 213.229.7000
25                                       Fac.: 213.229.7520

26                                       ROBINSON & COLE LLP
                                         Stephen E. Goldman (admitted *pro hac vice*)
27                                          sgoldman@rc.com
                                         Wystan M. Ackerman (admitted *pro hac vice*)
28                                          wackerman@rc.com

Gibson, Dunn &
Crutcher LLP

Plaintiff Travelers Casualty Insurance Company of
America's Opposition to Motion to Dismiss or Stay                13                2:20-cv-03619-PSG-E

280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Fac.: 860.275.8299

*Attorneys for Plaintiff Travelers Casualty
Insurance Company of America*

Gibson, Dunn &
Crutcher LLP

Plaintiff Travelers Casualty Insurance Company of
America's Opposition to Motion to Dismiss or Stay          14          2:20-cv-03619-PSG-E