## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          JS-6

| Case No. | CV 20-3619 PSG (Ex) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):    The Court GRANTS the motion to dismiss.**

Before the Court is a motion to dismiss filed by Plaintiff and Counter-Defendant Travelers Casualty Insurance Company of America ("Travelers"). *See* Dkt. # 30 ("*Mot.*"). Defendant and Counter-Claimant Geragos and Geragos ("G&G") opposed, *see* Dkt. # 34 ("*Opp.*"), and Travelers replied, *see* Dkt. # 35 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion without leave to amend.

I.    Background

G&G, a law firm with offices in Los Angeles, purchased an insurance policy from Travelers with coverage from December 16, 2019 to December 16, 2020 (the "Policy"). *See* Dkt. # 26 ("*Counterclaim*") ¶ 1  2. On March 19, 2020, Mayor Eric Garcetti of Los Angeles issued an Executive Order directing all "non-essential" business to close (the "Order"),[1] based on "the dire risk of exposure with contraction of COVD-19." *See id.* ¶ 17. G&G alleges that the Policy covers its claimed business income losses caused by the Order's closure of their business. *See id* ¶¶ 6  21.

On April 20, Travelers commenced this action seeking declaratory relief under two insurance policies that Travelers issued to G&G regarding the firm's claimed losses of business income at its Los Angeles and New York offices related to the Coronavirus.[2] *See generally Complaint*, Dkt. # 1. Shortly thereafter, Travelers removed a declaratory judgment action that

---

[1] The counterclaim states the Order was issued on March 15, but it in fact was issued on March 19.

[2] At issue in this order is Policy Number 680-5G335353. *See Counterclaim* ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

G&G had filed in the Los Angeles County Superior Court regarding a claim for losses at its Los Angeles office only. *Geragos & Geragos, APC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-04414-PSG-E, ECF No. 1. After denying G&G's motion to remand, the Court consolidated the removed action with this case. *See* Dkt # 22. On September 2, pursuant to a Court order, *see* Dkt. # 27, G&G refiled its First Amended Complaint in the removed action as a Counterclaim in this action, asserting claims against Travelers and Mayor Garcetti (collectively, "Counter-Defendants"). *See generally Counterclaim*.

    The Counterclaim asserts the following causes of action:

        <u>First Cause of Action</u>: declaratory relief against Counter-Defendants that (1) the Order constitutes a prohibition of access to G&G's premises; (2) the prohibition is "prohibited access" as defined in the Policy; (3) the Order triggers coverage because the Policy does not include an exclusion for a viral pandemic and extends coverage for loss or damage due to physical loss and damage; and (4) the Policy provides coverage for losses due to future civil authority closures of commercial buildings from COVID-19. *See id*. ¶¶ 28  33.

        <u>Second Cause of Action</u>: breach of contract against Travelers. *See id*. ¶¶ 34  44.

        <u>Third Cause of Action</u>: bad faith   breach of implied covenant of good faith and fair dealing against Travelers. *See id*. ¶¶ 45  53.

        <u>Fourth Cause of Action</u>: violation of Cal. Bus. & Prof. Code § 17200 against Travelers. *See Counterclaim* ¶¶ 54  59.

    Travelers now moves to dismiss all four causes of action in the Counterclaim. *See generally Mot*. Specifically, Travelers argues that the Court should dismiss the first cause of action because G&G is not entitled to civil authority coverage, *see id*. at 9  15, or business income and extra expense coverage, *see id*. at 15  19. Travelers further contends that the Court should (1) dismiss G&G's second cause of action because G&G has not alleged any breach, *see id*. at 20; (2) dismiss G&G's third cause of action because G&G is not entitled to coverage as a matter of law, *see id*. at 20  21; and (3) dismiss G&G's fourth cause of action because G&G does not plead fraudulent, unfair, or unlawful conduct, *see id.* at 21  24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

II.     The Insurance Policy

The parties' arguments center on three provisions of the Policy: (1) Civil Authority
Coverage, (2) Business Income and Extra Expense Coverage, and (3) the Virus Exclusion
Provision.

A.     Civil Authority Coverage

Civil authority coverage insures certain business income losses and expenses
"caused by action of civil authority" that are "due to direct physical loss of or damage
to property at locations . . . caused by or resulting from a Covered Cause of Loss." *See
Declaration of Kenneth Kupec*, Dkt. # 30-2 ("*Kupec Decl.*"), Ex. 1 at 81. Moreover, the "action
of civil authority" must "prohibit[] access to the described premises" for there to be any potential
for coverage. *See id.*

B.     Business Income and Extra Expense Coverage

The Business Income and Extra Expense provision provides coverage for physical loss or
damage "cause by or resulting from a Covered Cause of Loss." *See id*. at 85. The Extra
Expense provision covers reasonable and necessary expenses incurred by G&G during the period
of restoration of its business "that [G&G] would not have incurred if there had been no direct
physical loss of or damage to property caused by or resulting from a Covered Cause of Loss."
*See id*. at 87.

C.     Virus Exclusion Provision

The Policy also contains an endorsement entitled "EXCLUSION OF LOSS DUE TO
VIRUS OR BACTERIA," which "applies to all coverage under all forms and endorsements that
comprise" the Commercial Property Coverage Part of the Policy "including but not limited to
forms or endorsements that cover . . . business income, extra expense, rental value or action of
civil authority." *See id*. at 186. The exclusion states: "We will not pay for loss or damage
caused by or resulting from any virus, bacterium or other microorganism that induces or is
capable or inducing physical distress, illness or disease." *See id*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

### III.   Legal Standard

"A motion to dismiss a counterclaim is subject to the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . ." *Alvarez v. XPO Logistics Cartage, LLC*, No. 2:18-CV-03736-SJO-E, 2020 WL 1289550, at *1 (C.D. Cal. Feb. 6, 2020). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### IV.   Judicial Notice

"Generally, the scope of review on a motion to dismiss . . . is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). Under Federal Rule of Evidence 201, a court may take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Travelers requests that the Court take judicial notice of the Policy, *see generally Request for Judicial Notice*, Dkt. # 31 ("*RJN*"), which is explicitly incorporated by reference in the Counterclaim. *See Counterclaim* ¶ 39 ("Counter-Claimant is informed and believes and thereon alleges that Travelers is in possession of a complete copy of the operative insurance agreement, and therefore incorporates its terms as though fully set forth."). The Policy is referred to as bearing "Policy Number 680-5G335353" and encompassing "the period of December 16, 2019 through December 16, 2020." *Id.* ¶¶ 2, 8, 9. Along with the RJN, Travelers submits a certified

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

copy of the Policy.  *See RJN* 2:12  14; *see also Kupec Decl*. Ex. 1.  Accordingly, the Court **GRANTS** Travelers' request and takes judicial notice of the Policy.

V.     Discussion

        Travelers' argues for the dismissal of each cause of action.  *See generally Mot*.  The Court agrees, and addresses each cause of action in turn.

        A.     First Cause of Action

        Travelers argues that the Court should dismiss the first cause of action because (1) G&G is not entitled to civil authority coverage, and (2) business income and extra expense coverage does not apply, and therefore G&G is not entitled to any of its requested declarations. *See id*.

                        i.     *Civil Authority Coverage*

        Travelers asserts that G&G is not entitled to civil authority coverage for two reasons: (1) losses due to a virus are not a "Covered Cause of Loss" under the policy, *see Mot*. 9:13  12:20; and (2) the Order did not actually prohibit access to G&G's business because the law firm was deemed essential, *see id*. 12:23  15:18.  Because the Court finds the first argument sufficient to grant dismissal, the Court does not address the second argument.

        First, Travelers argues that the civil authority provision is limited to only covered causes of loss and that damages or loss due to a virus are explicitly excluded from coverage under the Virus Exclusion provision.  *See id*. 9:13  12:20.

        G&G responds that (1) it is unclear whether the Order stemmed from the virus, and (2) discovery is needed to resolve the issue.  *See Opp*. 7:8  9:17.  The Court is not convinced by this argument because the Counterclaim explicitly alleges that the Order was "issued based on the dire risks of exposure with the contraction of COVID-19."  *See Counterclaim* ¶ 17; *see also 10E, LLC v. Travelers Indem. Co. of Conn.*, No. 2:20-CV-04418-SVW-AS, 2020 WL 5359653, at *6 (C.D. Cal. Sept. 2, 2020) (dismissing a virtually identical argument and expressing "skepticism that Plaintiff can evade application of the Policy's virus exclusion"); *Diesel Barbershop, LLC v. State Farm Lloyds*, No. 5:20-CV-461-DAE, 2020 WL 4724305, at *6 (W.D. Tex. Aug. 13, 2020) ("While the Orders technically forced the Properties to close to protect public health, the Orders only came about sequentially as a result of the COVID-19 virus . . . . Thus, it was the

5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

presence of COVID-19 . . . that was the primary root cause of Plaintiff's businesses temporarily closing.").

Furthermore, the Policy clearly states that the civil authority provision applies only to covered causes of loss. *See Kupec Decl.* at 81. The Virus Exclusion Provision, which explicitly applies to civil authority coverage, also explicitly excludes loss or damage resulting from a virus. *See id.* at 186. ("The exclusion . . . applies to . . . forms or endorsements that cover business income, extra expense, rental value or action of civil authority."); *see also Fireman's Fund Ins. Co. v. Superior Court*, 65 Cal. App. 4th 1205, 1212 13 (1997) ("[Courts] will not strain to create an ambiguity where none exists or indulge in tortured constructions to divine some theoretical ambiguity in order to find coverage where none was contemplated."). Thus, civil authority coverage is prevented by the virus exclusion.

Additionally, other courts have dismissed similar claims based on virus exclusion provisions. *See Mark's Engine Co. No. 28 Rest., LLC v. The Travelers Indem. Co. of Conn.*, No. 20-04423, Order (C.D. Cal., Oct. 2, 2020) (ECF No. 54) (dismissing a claim based on the same virus exclusion provision and the same stay-at-home order because the virus exclusion provision applied and precluded coverage); *see also Turek Enters. Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 20-11655, Order Granting Insurer's Motion to Dismiss (E.D. Mich., September 3, 2020) (ECF No. 23) (dismissing a claim based on the virus exclusion provision because the "only reasonable conclusion is that the Order    and, by extension, Plaintiff's business interruption losses    would not have occurred but for COVID-19"); *Mauricio Martinez, DMD, P.A. v. Allied Ins. Co. of Am.*, No. 220CV00401FTM66NPM, 2020 WL 5240218 (M.D. Fla. Sept. 2, 2020) (same); *Diesel Barbershop*, 2020 WL 4724305 at *6 (same).

Accordingly, the Court finds that the Virus Exclusion Provision explicitly excludes civil authority coverage, and **GRANTS** the motion to dismiss on this ground.

        ii.    *Business Income and Extra Expense Coverage*

"When interpreting a policy provision, we must give terms their ordinary and popular usage, unless used by the parties in a technical sense or a special meaning is given to them by usage." *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (citation and quotation marks omitted). The Business Income and Extra Expense provision at issue here conditions recovery on "direct physical loss of or damage to property." *See Kupec Decl*. at 69 70. Travelers argues that G&G is not entitled to business income and extra expense coverage because the Counterclaim does not allege physical loss of or damage to property. *See Mot*. 5:23 28. The Court agrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

G&G argues that it was "deprived of the typical foot traffic, visibility, and ability to interface with clients that it ordinarily depends on, and is entitled to coverage for the business losses that resulted from this deprivation." *See Opp*. at 14. However, G&G fails to allege that there was *physical* damage to the property and concedes that Coronavirus "has never been detected at [its] property." *See id*. at 1.

The Court finds persuasive the reasoning of the Honorable Steven V. Wilson who addressed identical policy language as it relates to COVID-19 with parties whose arguments mirrored those made before this Court:

> Under California law, losses from inability to use property do not amount to "direct physical loss of or damage to property" within the ordinary and popular meaning of that phrase. Physical loss or damage occurs only when property undergoes a "distinct, demonstrable, physical alteration." "Detrimental economic impact" does not suffice.

> An insured cannot recover by attempting to artfully plead temporary impairment to economically valuable use of property as physical loss or damage. For example, in *MRI Healthcare Ctr.*, the court held that lost use of an MRI machine after it was powered off did not qualify as a "direct physical loss." Likewise, in *Ward General Ins. Servs., Inc. v. Employers Fire Ins. Co.*, the court held that a loss of valuable electronic data did not qualify as "direct physical loss or damage" without any physical alteration to the storage media. Finally, in *Doyle*, the court held that purchasing counterfeit wine did not count as a loss to the wine covered by a property insurance policy without a physical alteration.

> Plaintiff's FAC attempts to make precisely this substitution of temporary impaired use or diminished value for physical loss or damage in seeking Business Income and Extra Expense coverage. Plaintiff only plausibly alleges that in-person dining restrictions interfered with the use or value of its property — not that the restrictions caused direct physical loss or damage.

*10E*, 2020 WL 5359653 at *4 *5 (citations omitted).

7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

Furthermore, in *10E*, the plaintiff alleged that "in-person dining restrictions" were equivalent to "labeling of the insured property as non-essential." *See id*. at *6. The court found that while "'labeling' surely carries significant social, economic, and legal consequences. . . it does not physically alter any of Plaintiff's property." *See id*. Here, G&G makes similar arguments, *see Counterclaim* ¶ 18, and even acknowledges that it was "exempted as an 'essential business' under the Order," *see id*. ¶ 22. This Court agrees that "labeling" is not "physical damage," particularly when, as here, the business was not even labeled "non-essential."

Accordingly, the Court **GRANTS** Travelers' motion to dismiss on this ground.

B.  Second, Third, and Fourth Causes of Action

G&G does not oppose Travelers' motion to dismiss the second, third, and fourth causes of action. *See generally Opp*. Arguments to which no response is supplied are deemed conceded. *See, e.g.*, *Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015). Furthermore, these causes of action are derivative of coverage. Because G&G is not entitled to coverage under the Policy, it cannot state a claim for breach of contract, breach of the implied covenant of good faith and fair dealing, or a UCL violation. *See 10E*, 2020 WL 5359653 at *6.

Accordingly, the Court **GRANTS** Travelers' motion to dismiss the second, third, and fourth causes of action.

C.  Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court finds the Virus Exclusion provision precludes all civil authority coverage such that Travelers has no duty to perform under the Policy. Furthermore, because there was no physical damage to G&G's property, the Business Income and Extra Expenses coverage does not apply. Accordingly, amendment would be futile, and the Court **DENIES** leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

VI.    <u>Conclusion</u>

For the reasons above, the Court **GRANTS** Travelers' motion to dismiss the Counterclaim in its entirety without leave to amend.

**IT IS SO ORDERED.**