1

2

3

4

5

6

**GIBSON, DUNN & CRUTCHER LLP**
THEODORE J. BOUTROUS JR., SBN 132099
    tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
    rdoren@gibsondunn.com
DEBORAH L. STEIN, SBN 224570
    dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fac.: 213.229.7520

7

8

9

10

11

**ROBINSON & COLE LLP**
STEPHEN E. GOLDMAN (admitted *pro hac vice*)
    sgoldman@rc.com
WYSTAN M. ACKERMAN (admitted *pro hac vice*)
    wackerman@rc.com
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Fac.: 860.275.8299

12

13

Attorneys for Plaintiff Travelers Casualty
Insurance Company of America

14

15

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

16

17

18

19

20

21

22

23

24

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>GERAGOS & GERAGOS, A PROFESSIONAL CORPORATION,<br><br>                    Defendants. | **CASE NO. 2:20-cv-03619-PSG-E**<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:       February 8, 2021<br>Time:       2:00 p.m.<br>Place:      Courtroom 6A<br>            First Street Courthouse<br>            350 W. First Street<br>            Los Angeles, CA 90012<br>Judge:      Chief Judge Philip S. Gutierrez |

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1    Pursuant to Federal Rule of Civil Procedure 26(f), Central District of California

2    Local Rule 26-1, and this Court's December 4, 2020 Scheduling Order, Plaintiff

3    Travelers Casualty Insurance Company of America ("Plaintiff" or "Travelers") and

4    Defendant Geragos and Geragos APC ("Defendant" or "G&G") hereby submit this

5    Joint Rule 26(f) Report.

6    **I.    STATEMENT OF THE CASE**

7    Travelers, an insurer, filed this action seeking a declaration that there is no

8    COVID-19 related Civil Authority or Business Income and Extra Expense coverage

9    under its policies issued for the Los Angeles and New York offices of Geragos &

10   Geragos APC, a law firm ("G&G").  Shortly thereafter, Travelers removed an action

11   that G&G filed in Los Angeles County Superior Court seeking the coverage specific to

12   its Los Angeles office.  G&G claimed that the City of Los Angeles' "Safer at Home"

13   Order caused it to suffer business income losses, and sought declaratory relief entitling

14   it to Civil Authority and Business Income and Extra Expense coverage, along with

15   claims for breach of contract, bad faith, and violation of California Business &

16   Professions Code § 17200.

17   After denying G&G's motion to remand, this Court consolidated the removed

18   action with this case, and G&G filed its claims as a counterclaim.  Following briefing

19   on a motion to dismiss, this Court ruled that Travelers has no obligation to provide

20   coverage for the losses claimed by G&G in connection with its Los Angeles office and

21   dismissed with prejudice the Counterclaim (Dkt. 38).  Through its Complaint,

22   Travelers seeks affirmative declarations that it has no coverage obligation with respect

23   to the Los Angeles office (already resolved as a matter of law) as well as with respect

24   to the New York office.

25   **II.    SUBJECT MATTER JURISDICTION**

26   As explained by the Court in its Order denying Defendant's Motion for Remand

27   (as to Defendant's removed action) and denying Defendant's Motion to Dismiss or

28   Stay (as to Plaintiff's affirmative action) (ECF No. 22), subject matter jurisdiction in

this action is properly based on diversity, pursuant to 28 U.S.C. § 1332.  This is an insurance coverage dispute between diverse parties—Travelers and G&G—that involves more than $75,000 in controversy, exclusive of interests and costs.

## III.   LEGAL ISSUES

Because G&G's New York Policy is materially identical to its Los Angeles policy, the analysis required to resolve the dispute over the claimed New York losses is very similar to the analysis the Court has already performed to resolve the dispute over the claimed Los Angeles losses.  The legal issues to be addressed include:

1.   Whether the Civil Authority provision provides coverage for any alleged loss of business income.

2.   Whether the Business Income or Extra Expense provisions provide coverage for any alleged loss of business income or extra expense.

3.   Whether the virus exclusion excludes coverage for any alleged loss of business income or extra expense.

## IV.   PARTIES, EVIDENCE, ETC.

### A.   Parties

Plaintiff is Travelers Casualty Insurance Company of America.  Travelers issued to Plaintiff the Policies at issue in this case and is properly named in Plaintiff's Complaint.  As identified in Plaintiff's Notice of Interested Parties and Corporate Disclosure Statement (ECF No. 4), Plaintiff is 100% owned by Travelers Casualty and Surety Company, which is 100% owned by Travelers Insurance Group Holdings, Inc., which is 100% owned by Travelers Property Casualty Corp., which is 100% owned by The Travelers Companies, Inc.  The Travelers Companies, Inc. is the only publicly held company in the corporate family.  No individual or corporation owns 10% or more of the stock of The Travelers Companies, Inc.  Travelers does not own or control any subsidiary.

Defendant is Geragos & Geragos, APC.

**B.     Percipient Witnesses**

The parties are evaluating which percipient witnesses the parties may rely on in support of any claim or defense or to rebut any claim or defense and will disclose such individuals in their initial disclosures.

**C.     Key Documents**

The parties agree that the Travelers insurance policies identified in the Complaint are key documents in this case, as are any "Stay-at-Home" or "Safer at Home" orders relied upon by either party.  It is presently unclear what other documents, electronically stored information, or tangible things the parties may rely on in support of any claim or defense or to rebut any claim or defense.  The parties expressly reserve the right to supplement this list.

**V.     DAMAGES**

Plaintiff contends that it is entitled to damages in an amount to be determined. Defendant contends that Plaintiff is not entitled to any damages.

**VI.     INSURANCE**

The parties are unaware at this time of the existence of any relevant agreement under which an insurance company may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**VII.     MOTIONS**

G&G filed a Motion to Dismiss on June 2, 2020 (ECF No. 16), which this Court denied on August 12, 2020 (ECF No. 22).

G&G filed a Counter-Claim and Answer on September 2, 2020 (ECF No. 26). Travelers filed a Motion to Dismiss Geragos & Geragos' Counterclaim on September 9, 2020 (ECF No. 29), which the Court granted on October 19, 2020 (ECF No. 38).

Travelers filed an unopposed Motion to Reopen on December 3, 2020 (ECF No. 41), which this Court granted on December 3, 2020 (ECF No. 41).

Defendant intends to file a Motion for Judgment on the Pleadings this week.

At present, the parties do not anticipate that any additional parties or claims will be added.

## VIII.  DISPOSITIVE MOTIONS

If this case is not resolved on a motion for judgment on the pleadings, the parties anticipate that motions for summary judgment will be brought as to all of Plaintiff's claims against Defendant.

## IX.    MANUAL FOR COMPLEX LITIGATION

The parties agree that this action should not be designated as complex, and the procedures of the Manual for Complex Litigation should not be utilized.

## X.     STATUS OF DISCOVERY

The parties have not yet embarked on discovery in light of the Court's order dismissing with prejudice G&G's Counterclaim and Travelers' forthcoming Motion for Judgment on the Pleadings.

## XI.    DISCOVERY PLAN

### A.    Initial Disclosures Under Fed. R. Civ. P. 26(a) (Fed. R. Civ. P. 26(f)(3)(A))

The parties have agreed to table Initial Disclosures until after the Court has the opportunity to resolve the legal issues in Travelers' forthcoming motion for judgment on the pleadings.  The parties do not anticipate needing any changes to the form or requirements for initial disclosures.

### B.    Subjects of Discovery (Fed. R. Civ. P. 26(f)(3)(B))

The parties agree that, if Travelers' forthcoming motion for judgment on the pleadings is denied, discovery will be needed regarding their respective claims, defenses, and damages.  The parties reserve all rights to object to any discovery.

Reserving their rights to seek discovery on additional matters, the parties intend to conduct discovery relating to Plaintiff's claim for a declaration of no coverage.

The parties will provide additional topics for discovery as part of their Initial Disclosures.

**C.**     **Proposed Procedure and Timeline for Discovery (Fed. R. Civ. P.**
         **26(f)(3)(B))**

The parties do not believe that non-expert discovery should be conducted in
phases.  However, the parties agree that non-expert discovery should be completed
before expert discovery begins.

**D.**     **Issues about Disclosure, Discovery, or Preservation of Electronically**
         **Stored Information (Fed. R. Civ. P. 26(f)(3)(C))**

At this time, the parties do not anticipate any issues regarding the disclosure or
discovery of electronically stored information ("ESI").

**E.**     **Issues about Claims of Privilege or of Protection (Fed. R. Civ. P.**
         **26(f)(3)(D))**

At this time, the parties do not anticipate any issues regarding claims of
privilege or of protection.

**F.**     **Changes to Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))**

At this time, the parties do not anticipate that any changes should be made on
the limitations on discovery imposed by the Federal Rules of Civil Procedure and the
applicable Local Rules.

**G.**     **Other Orders (Fed. R. Civ. P. 26(f)(3)(F))**

At this time, the parties do not anticipate that any other orders should issue.

**XII.  DISCOVERY CUT-OFF**

The parties agree to a trial date of February 2, 2022.  Assuming a trial date of
February 2, 2022, the parties propose a non-expert discovery cut-off date of October 1,
2021, and an expert discovery cut-off date of October 1, 2021.

Should the Court order a later trial date, the parties agree and propose the
discovery cut-offs should be continued by a corresponding amount.

**XIII.  EXPERT DISCOVERY**

The parties agree that initial expert disclosures should be completed by July 19,
2021, and rebuttal disclosures by August 31, 2021.  The parties agree that the expert

discovery cut-off should be October 1, 2021.

## XIV.  SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

The parties have discussed settlement and alternative dispute resolution and do not believe there is any possibility of settlement before dispositive motions are decided.  If the Court requires a settlement conference, although the parties do not believe one would be productive before dispositive motions are decided, the parties agree to ADR Procedure No. 1, settlement proceedings before the Magistrate Judge. *See* C.D. Cal. Local Rule 16-15.4.

## XV.   TRIAL ESTIMATE

In the event that this matter is not resolved by dispositive motion, based on the number of parties and anticipated witnesses, Plaintiff believes a jury trial can be completed in 2 to 3 days, whereas Defendant believes a jury trial can be completed in 3 to 4 days.

## XVI.  TRIAL COUNSEL

Plaintiff will be represented at trial by Richard J. Doren and Deborah L. Stein of Gibson, Dunn & Crutcher LLP.

Defendant will be represented at trial by Mark J. Geragos, Ben J. Meiselas, and Matthew M. Hoesly of Geragos & Geragos, APC.

## XVII. INDEPENDENT EXPERT OR MASTER

The parties do not anticipate that an independent expert or master will be needed in this matter.

## XVIII.      OTHER ISSUES

The parties are unaware of any other outstanding issues at this time.

1   Dated:  February 1, 2021          GIBSON, DUNN & CRUTCHER LLP

2                                     By:  /s/ Richard J. Doren[1]
3                                          Richard J. Doren, SBN 124666
                                           Deborah L. Stein, SBN 224570
4
5                                     *Attorneys for Plaintiff Travelers Casualty*
                                      *Insurance Company of America*
6
7   Dated:  February 1, 2021          GERAGOS & GERAGOS, APC
8
9                                     By:  /s/ Matthew M. Hoesly
                                           Matthew M. Hoesly, SBN 289593
10                                         Mark J. Geragos, SBN 108325
                                           Ben J. Meiselas, SBN 277412
11
12                                    *Attorneys for Defendant Geragos & Geragos,*
                                      *APC*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ───────────────────────
     [1]  Pursuant to Local Rule 5-4.3.3(a)(2)(i), counsel for Plaintiff, Richard J. Doren,
28   certifies that counsel for Defendant has consented to and authorized the filing of
     this document with his electronic signature.