| | |
|---|---|
| 1 | **GIBSON, DUNN & CRUTCHER LLP** |
| 2 | THEODORE J. BOUTROUS JR., SBN 132099 |
|   |     tboutrous@gibsondunn.com |
| 3 | RICHARD J. DOREN, SBN 124666 |
|   |     rdoren@gibsondunn.com |
| 4 | DEBORAH L. STEIN, SBN 224570 |
|   |     dstein@gibsondunn.com |
| 5 | 333 South Grand Avenue |
|   | Los Angeles, CA 90071-3197 |
| 6 | Tel.: 213.229.7000 |
|   | Fac.: 213.229.7520 |

**ROBINSON & COLE LLP**
STEPHEN E. GOLDMAN (admitted *pro hac vice*)
    sgoldman@rc.com
WYSTAN M. ACKERMAN (admitted *pro hac vice*)
    wackerman@rc.com
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Fac.: 860.275.8299

Attorneys for Plaintiff Travelers Casualty
Insurance Company of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GERAGOS & GERAGOS, A PROFESSIONAL CORPORATION, <br><br> Defendant. | **CASE NO. 2:20-cv-03619-PSG-E** <br><br> **PLAINTIFF TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> **Hearing:** <br><br> Date:  May 3, 2021 <br> Time:  1:30 p.m. <br> Place:  Courtroom 6A <br>         First Street Courthouse <br>         350 W. First Street <br>         Los Angeles, CA 90012 <br> Judge:  Philip S. Gutierrez |
| GERAGOS & GERAGOS, A PROFESSIONAL CORPORATION, <br><br> Counter-Claimant, <br><br> TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA; ERIC GARCETTI, <br><br> Counter-Defendants. | |

Gibson, Dunn & Crutcher LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. PROCEDURAL AND FACTUAL BACKGROUND ........................................... 1

III. LEGAL STANDARD ........................................................................................... 2

    A. Federal Rule of Civil Procedure 12(c) ....................................................... 2

    B. Choice of Law and Insurance Contract Interpretation ............................... 3

IV. ARGUMENT ......................................................................................................... 5

    A. Travelers Is Entitled to a Declaration That There Is No Coverage under the CA Policy .................................................................................. 5

    B. G&G Cannot Establish Civil Authority Coverage under the NY Policy ......................................................................................................... 6

    C. G&G Cannot Establish Business Income or Extra Expense Coverage under the NY Policy .................................................................... 8

V. CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

## Cases

*10012 Holdings, Inc. v. Sentinel Ins. Co.*,
   2020 WL 7360252 (S.D.N.Y. Dec. 15, 2020) ................................................... 9, 10

*10E, LLC v. Travelers Indem. Co. of Conn.*,
   2020 WL 6749361 (C.D. Cal. Nov. 13, 2020) .................................................. 7, 11

*Alexandre B. Demoura, M.D. v. Continental Cas. Co.*,
   2021 WL 848840 (E.D.N.Y. Mar. 5, 2021) ............................................................ 11

*Certain Underwriters at Lloyd's of London v. Superior Court*,
   24 Cal. 4th 945 (2001) ............................................................................................ 4

*Crosby v. Well Fargo Bank, N.A.*,
   42 F. Supp. 3d 1343 (C.D. Cal. 2014) .................................................................... 3

*Fed Ins. Co. v. Am. Home Assurance Co.*,
   639 F.3d 557 (2d Cir. 2011) .................................................................................... 4

*Food for Thought Corp. v. Sentinel Ins. Co., Ltd.*,
   2021 WL 860345 (S.D.N.Y. Mar. 6, 2021) ............................................................ 11

*Geragos & Geragos Engine Co. No. 28, LLC v. Hartford Fire Ins. Co.*,
   2020 WL 7350413 (C.D. Cal. Dec. 3, 2020) ....................................................... 5, 9

*HealthNOW Med. Ctr., Inc. v. State Farm Gen. Ins. Co.*,
   2020 WL 7260055 (N.D. Cal. Dec. 10, 2020) .................................................. 7, 11

*Karen Trinh, DDS, Inc. v. State Farm Gen. Ins. Co.*,
   2020 WL 7696080 (N.D. Cal. Dec. 28, 2020) .................................................. 7, 11

*Knappenberger v. City of Phx.*,
   566 F.3d 936 (9th Cir. 2009) ................................................................................... 3

*Long Affair Carpet and Rug, LLC v. Liberty Mut. Ins. Co.*,
   2020 WL 6865774 (C.D. Cal. Nov. 12, 2020) ........................................................ 9

*Mark's Engine Co. No. 28 Rest., LLC v. The Travelers Indem. Co. of
   Conn.*,
   2020 WL 5938689 (C.D. Cal. Oct. 2, 2020) ..................................................... 7, 11

*Merchants Home Delivery Serv. Inc. v. Frank B. Hall & Co.*,
　50 F.3d 1486 (9th Cir. 1995) ............................................................................................... 3

*Michael Cetta, Inc. v. Admiral Indem. Co.*,
　2020 WL 7321405 (S.D.N.Y. Dec. 11, 2020) .................................................................. 9, 10

*Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*,
　2021 WL 276655 (S.D.N.Y. Jan. 27, 2021) ................................................................ 7, 8, 11

*Morgan Stanley Grp. Inc. v. New Engl. Ins. Co.*,
　225 F.3d 270 (2d Cir. 2000) ................................................................................................... 4

*Mortar and Pestle Corp. v. Atain Specialty Ins. Co.*,
　2020 WL 7495180 (N.D. Cal. Dec. 21, 2020) ...................................................................... 9

*Palmer v. Truck Ins. Exch.*,
　21 Cal. 4th 1109 (1999) ......................................................................................................... 3

*Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*,
　472 F.3d 33 (2d Cir. 2006) ..................................................................................................... 4

*Pez Seafood DTLA, LLC v. Travelers Indem. Co.*,
　2021 WL 234355 (C.D. Cal. Jan. 20, 2021) ...................................................................... 7, 9

*Plan Check Downtown III, LLC v. Amguard Ins. Co.*,
　2020 WL 5742712 (C.D. Cal. Sept. 10, 2020) ...................................................................... 5

*Robert W. Fountain, Inc. v. Citizens Ins. Co. of Am.*,
　2020 WL 7247207 (N.D. Cal. Dec. 9, 2020) ......................................................................... 9

*Roug v. Ohio Sec. Ins. Co.*,
　182 Cal. App. 3d 1030 (1986) ............................................................................................... 3

*Safeco Ins. Co. v. Gilstrap*,
　141 Cal. App. 3d 524 (1983) ................................................................................................. 3

*Selane Products, Inc. v. Continental Cas. Co.*,
　2020 WL 7253378 (C.D. Cal. Nov. 24, 2020) ...................................................................... 9

*Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*,
　14 Cal. App. 4th 637 (1993) ............................................................................................... 3, 4

*Tappo of Buffalo, LLC v. Erie Ins. Co.*,
　2020 WL 7867553 (W.D.N.Y. Dec. 29, 2020) ................................................................ 9, 10

*Merchants Home Delivery Serv. Inc. v. Frank B. Hall & Co.*,
　50 F.3d 1486 (9th Cir. 1995) ............................................................................................... 3

*Michael Cetta, Inc. v. Admiral Indem. Co.*,
　2020 WL 7321405 (S.D.N.Y. Dec. 11, 2020) .................................................................. 9, 10

*Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*,
　2021 WL 276655 (S.D.N.Y. Jan. 27, 2021) ................................................................ 7, 8, 11

*Morgan Stanley Grp. Inc. v. New Engl. Ins. Co.*,
　225 F.3d 270 (2d Cir. 2000) ................................................................................................... 4

*Mortar and Pestle Corp. v. Atain Specialty Ins. Co.*,
　2020 WL 7495180 (N.D. Cal. Dec. 21, 2020) ...................................................................... 9

*Palmer v. Truck Ins. Exch.*,
　21 Cal. 4th 1109 (1999) ......................................................................................................... 3

*Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*,
　472 F.3d 33 (2d Cir. 2006) ..................................................................................................... 4

*Pez Seafood DTLA, LLC v. Travelers Indem. Co.*,
　2021 WL 234355 (C.D. Cal. Jan. 20, 2021) ...................................................................... 7, 9

*Plan Check Downtown III, LLC v. Amguard Ins. Co.*,
　2020 WL 5742712 (C.D. Cal. Sept. 10, 2020) ...................................................................... 5

*Robert W. Fountain, Inc. v. Citizens Ins. Co. of Am.*,
　2020 WL 7247207 (N.D. Cal. Dec. 9, 2020) ......................................................................... 9

*Roug v. Ohio Sec. Ins. Co.*,
　182 Cal. App. 3d 1030 (1986) ............................................................................................... 3

*Safeco Ins. Co. v. Gilstrap*,
　141 Cal. App. 3d 524 (1983) ................................................................................................. 3

*Selane Products, Inc. v. Continental Cas. Co.*,
　2020 WL 7253378 (C.D. Cal. Nov. 24, 2020) ...................................................................... 9

*Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*,
　14 Cal. App. 4th 637 (1993) ............................................................................................. 3, 4

*Tappo of Buffalo, LLC v. Erie Ins. Co.*,
　2020 WL 7867553 (W.D.N.Y. Dec. 29, 2020) ................................................................ 9, 10

*Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*,
  2020 WL 6156584 (C.D. Cal. Oct. 19, 2020) .................................................................. 10

*Vill. of Sylvan Beach, N.Y. v. Travelers Indem. Co.*,
  55 F.3d 114 (2d Cir. 1995) .................................................................................................. 4

*Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co.*,
  2020 WL 6562332 (N.D. Cal. Nov. 9, 2020) ..................................................................... 9

*West Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.*,
  2020 WL 6440037 (C.D. Cal. Oct. 27, 2020) ..................................................................... 9

*WPB No. 1, LLC v. Valley Forge Ins. Co.*,
  2007 WL 9702161 (S.D. Cal. Mar. 27, 2007) ..................................................................... 3

**Statutes**

Cal. Civ. Code §1638 ................................................................................................................ 3

**Rules**

Fed. R. Civ. P. 12(c) ................................................................................................................ 3

**Other Authorities**

March 20, 2020 Executive Order No. 102,
  https://www1.nyc.gov/assets/home/downloads/pdf/executive-
  orders/2020/eeo-102.pdf ............................................................................................... 7, 8

March 20, 2020 Executive Order No. 202.8,
  https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/E
  O_202.8.pdf ....................................................................................................................... 7

Restatement (Second) Conflict of Laws § 193 ...................................................................... 4

Travelers Casualty Insurance Company of America ("Travelers") submits this Memorandum of Points and Authorities in support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## I.   INTRODUCTION

This Court has already ruled—in its October 19, 2020 Order dismissing Geragos & Geragos, APC's ("G&G") Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 38)—that G&G is not entitled to coverage under its Travelers insurance policy for economic losses sustained at its Los Angeles law office as a result of the Coronavirus and related government orders.  In this Motion for Judgment on the Pleadings, Travelers simply asks the Court to apply the same reasoning and conclusions to what is essentially an identical claim for losses at G&G's New York law office, and enter judgment in favor of Travelers on its declaratory judgment cause of action in the Complaint (ECF No. 1), by declaring that G&G is not entitled to coverage for its claimed business income and other losses under either of the policies at issue.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On or about April 1, 2020, G&G reported a claim to Travelers under two separate property insurance policies covering its law offices in Los Angeles (the "CA Policy") and New York (the "NY Policy"), respectively (together, the "Policies"). ECF No. 1 ("Compl."), ¶ 13; *see also* ECF No. 1-1 (CA Policy) and ECF No. 1-2 (NY Policy).  G&G sought coverage under both Policies for business income losses resulting from the Coronavirus and related government orders.  *Id*.; Compl. ¶¶ 30–31; ECF No. 26 ("Answer"), ¶¶ 30–31.  On April 20, 2020, Travelers denied the claims and commenced this action seeking a declaratory judgment that G&G is not entitled to coverage under the Policies.  Compl. ¶¶ 13–14.[1]

---

[1] Travelers also removed G&G's separate coverage action from Los Angeles Superior Court to federal court.  *Geragos & Geragos, APC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-04414-PSG-E, ECF No. 1 (May 15, 2020).  After denying G&G's motion to remand, the Court consolidated the removed action with this

In response to Travelers' Complaint for Declaratory Judgment, G&G filed an Answer and a Counterclaim. *See generally* ECF No. 26 ("Counterclaim"). The Counterclaim sought Civil Authority, Business Income, and Extra Expense coverages under the CA Policy for economic losses at G&G's Los Angeles law office only. Counterclaim ¶¶ 2, 6–21.

Travelers moved to dismiss G&G's Counterclaim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 29. On October 19, 2020, this Court granted Travelers' motion and dismissed the Counterclaim with prejudice. ECF No. 38. The Court explained in its ruling that G&G failed to allege a plausible entitlement to coverage under the CA Policy because: (1) the virus exclusion precluded coverage under the CA Policy's Civil Authority provision; and (2) G&G's allegation, that it was "deprived of the typical foot traffic, visibility, and ability to interface with clients," even if true, failed to allege "direct *physical* loss of or damage to property" at an insured premises, as required to establish Business Income and Extra Expense coverage. *Id.* at 5–8 (emphasis added).

The dismissal of the Counterclaim establishes that G&G is not entitled to coverage under the CA Policy. However, the decision does not directly address the availability of coverage for G&G's Coronavirus-related business income claims under the NY Policy. With this Motion for Judgment on the Pleadings, Travelers respectfully asks the Court to take the logical step to extend its ruling on G&G's claims under the CA Policy to its claims under the NY Policy, and enter a judgment declaring that G&G is not entitled to coverage under either policy.

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the

---

case. *See* ECF No. 22. On September 2, 2020, pursuant to a Court order (ECF No. 27), G&G refiled its First Amended Complaint in the removed action as a Counterclaim in this action. *See* ECF No. 26.

pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is properly granted where "taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Crosby v. Well Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1344 (C.D. Cal. 2014) (quoting *Knappenberger v. City of Phx.*, 566 F.3d 936, 939 (9th Cir. 2009) (quoting *Merchants Home Delivery Serv. Inc. v. Frank B. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995))).

### B. Choice of Law and Insurance Contract Interpretation

Federal courts in diversity cases apply the substantive choice of law rules of the forum state.  Under California law, "[t]he fact that two states are involved does not in itself indicate there is a conflict of laws or choice of law problem." *WPB No. 1, LLC v. Valley Forge Ins. Co.*, 2007 WL 9702161, at *1 (S.D. Cal. Mar. 27, 2007) (quoting *Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*, 14 Cal. App. 4th 637, 642 (1993) (internal quotation marks and citations omitted)).  That is because "[t]here is obviously no problem where the laws of the two states are identical." *Id.*  Here, the insurance claims G&G submitted to Travelers involve two states—California and New York.  The rules governing the construction and interpretation of an insurance contract in those states are similar.

Under California law, the terms of an insurance policy must be given their "ordinary and popular sense," and if the policy language is "clear and explicit," it governs. *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115–17 (1999) (quotation marks omitted); Cal. Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").  Indeed, "[a]n insurance policy is but a contract; and, like all other contracts it must be construed from the language used; when the terms are plain and unambiguous, it is the duty of courts to enforce the agreement." *Roug v. Ohio Sec. Ins. Co.*, 182 Cal. App. 3d 1030, 1035 (1986) (quotation marks omitted).  Moreover, courts may not "rewrite a policy to bind the insurer to a risk that it did not contemplate and for which it has not been paid." *Safeco Ins. Co. v. Gilstrap*, 141 Cal. App. 3d 524, 533

(1983); *see also Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal. 4th 945, 968 (2001) ("[W]e do not rewrite any provision of any contract, including the [insurance policy at issue], for any purpose.").

Similarly, under New York law, "[t]he initial interpretation of a contract is a matter of law for the court to decide." *Morgan Stanley Grp. Inc. v. New Engl. Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000) (internal quotation marks omitted). Courts must "give effect to the intent of the parties as expressed in the clear language of the contract." *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (internal quotation marks and citation omitted). In doing so, courts applying New York law must give "unambiguous provisions of an insurance contract . . . their plain and ordinary meaning." *Fed Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 567 (2d Cir. 2011) (internal quotation marks omitted). "If the provisions are clear and unambiguous, courts are to enforce them as written." *Vill. of Sylvan Beach, N.Y. v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995). Because the two states' insurance contract interpretation rules are essentially the same, the choice of law issue, in the context of the present motion, is moot.

There could be no dispute that California law governs Travelers' declaratory judgment claims under the CA Policy. Whether California or New York law governs Travelers' declaratory judgment claims under the NY Policy, the result is the same. Assuming, *arguendo*, there was a relevant conflict of laws, California choice of law rules provide that the principal location of the insured risk determines the applicable state law. *See generally Stonewall Surplus Lines*, 14 Cal. App. 4th at 446–49 (principal location of insured risk is the most important consideration in determining which state's law applies to the policy); Restatement (Second) Conflict of Laws § 193 (rights created by policy are determined by the local law of the state which the parties understood was to be the principal location of the insured risk). Here, that means California substantive law would control Travelers' declaratory judgment claims under the CA Policy with respect to G&G's alleged losses at its Los Angeles office, and New

York substantive law would control Travelers' declaratory judgment claims under the NY Policy with respect to G&G's alleged losses at its New York office. *See Geragos & Geragos Engine Co. No. 28, LLC v. Hartford Fire Ins. Co.*, 2020 WL 7350413, at *2 (C.D. Cal. Dec. 3, 2020) (applying California law to a COVID-19 business interruption dispute because it was the principal location of the insured risk); *Plan Check Downtown III, LLC v. Amguard Ins. Co.*, 2020 WL 5742712, *2 (C.D. Cal. Sept. 10, 2020) (same). The Policies do not contain a choice of law provision.

## IV.  ARGUMENT

This Court has already held that G&G is not entitled to coverage under the CA Policy. G&G also submitted a claim for and requested that Travelers provide coverage under the NY Policy "for claimed business income losses [at its New York office] related to the COVID-19 Pandemic." Compl. ¶ 30; Answer ¶ 30 (admitting allegation). G&G is not entitled to coverage for Coronavirus-related business income losses and expenses under the NY Policy for the same reasons this Court dismissed its claims under the CA Policy. Thus, Travelers is entitled to the judgment it seeks declaring that G&G is not entitled to coverage under either of the policies.

### A.   Travelers Is Entitled to a Declaration That There Is No Coverage under the CA Policy

Travelers' Complaint (ECF No. 1) asserts a cause of action for declaratory judgment. Specifically, Travelers asks the Court to "[e]nter a declaratory judgment that the Policies [*i.e.*, the CA Policy and the NY Policy] do not provide coverage for the losses claimed by G&G." Compl., Prayer for Relief. As this Court determined in its order dismissing G&G's Counterclaim (ECF No. 38), G&G is not entitled to coverage under the CA Policy for its claimed losses at its Los Angeles office. Accordingly, Travelers is entitled to the declaratory judgment it seeks with respect to the CA Policy (and for the reasons explained below, the NY Policy as well).

### B. G&G Cannot Establish Civil Authority Coverage under the NY Policy

This Court dismissed G&G's claim for Civil Authority coverage under the CA Policy because it is barred by the virus exclusion. ECF No. 38 at 5–6. The same is true of G&G's claim for Civil Authority coverage (as well as Business Income and Extra Expense coverages) under the NY Policy. Indeed, the relevant provisions of the Policies are identical. *Compare* ECF No. 1-1 at 80 (CA Policy), *with* ECF No. 1-2 at 82 (NY Policy).

Pursuant to the NY Policy's express terms, an "action of civil authority" can *only* give rise to coverage if, among other things, the action is taken due to "direct physical loss of or damage to property at locations, other than described premises, that are within 100 miles of the described premises, *caused by or resulting from a Covered Cause of Loss*." ECF No. 1-2 at 82 (emphasis added); Compl. ¶ 17; Answer ¶ 17. As a matter of logic as well as explicit policy language, an *excluded* risk of loss is *not* a Covered Cause of Loss.

The NY Policy contains the same virus exclusion as the CA Policy, which broadly excludes "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." ECF No. 1-2 at 187; *see also* ECF No. 1-1 at 184. The virus exclusion expressly applies to Civil Authority coverage. *Id.* ("The exclusion set forth in Paragraph **B.** applies to all coverage under all forms and endorsements that comprise this Coverage Part including but not limited to forms or endorsements that cover property damage to buildings or personal property and forms or endorsements that cover business income, extra expense, rental value or *action of civil authority*." (**bold** in original; *italics* added)); *see* ECF No. 38 at 6 (finding that the virus exclusion in the CA Policy "explicitly applies to civil authority coverage").

Without doubt the Coronavirus is a "virus . . . capable of inducing physical distress, illness or disease," subject to the exclusion. Indeed, G&G admits that SARS-

CoV-2 (the Coronavirus) "induces or is capable of inducing physical distress, illness or disease, namely COVID-19." Compl. ¶ 12; Answer ¶ 12. Thus, as courts in California and across the country have repeatedly held in cases involving analogous virus exclusions, the NY Policy does not provide Civil Authority coverage for any loss or damage caused by or resulting from the Coronavirus. *See, e.g.*, *Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*, 2021 WL 276655, at *7–8 (S.D.N.Y. Jan. 27, 2021); *Pez Seafood DTLA, LLC v. Travelers Indem. Co.*, 2021 WL 234355, at *7 (C.D. Cal. Jan. 20, 2021); *HealthNOW Med. Ctr., Inc. v. State Farm Gen. Ins. Co.*, 2020 WL 7260055, at *2 (N.D. Cal. Dec. 10, 2020); *Karen Trinh, DDS, Inc. v. State Farm Gen. Ins. Co.*, 2020 WL 7696080, at *4 (N.D. Cal. Dec. 28, 2020); *10E, LLC v. Travelers Indem. Co. of Conn.*, 2020 WL 6749361, at *2–3 (C.D. Cal. Nov. 13, 2020) (dismissing Second Amended Complaint with prejudice); *Mark's Engine Co. No. 28 Rest., LLC v. The Travelers Indem. Co. of Conn.*, 2020 WL 5938689, at *5 (C.D. Cal. Oct. 2, 2020).

As was the case with the California state and local orders that formed the basis for G&G's dismissed claim for Civil Authority coverage under the CA Policy, the New York state and local orders temporarily closing non-essential businesses and enforcing social distancing requirements were issued in response to the Coronavirus. For example, New York Governor Cuomo's March 20, 2020 Executive Order No. 202.8, which among other things, limited court operations to "essential" matters and closed the physical offices of "non-essential" businesses, expressly stated that limiting "transmission of COVID-19" and the need to coordinate a "timely and effective response to the COVID-19 emergency disaster" as reasons for its issuance.[2] Similarly, New York City Mayor De Blasio's March 20, 2020 Executive Order No. 102, which provided additional guidance regarding the closure of non-essential businesses, expressly stated that it was issued "to address the threat that COVID-19 poses to the

---

[2] https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.8.pdf.

health and welfare of New York residents and visitors."[3] *See Michael J. Redenburg, Esq. PC*, 2021 WL 276655, at *7 ("As [the plaintiff's] Complaint itself repeatedly recognizes, these [New York] emergency orders were prompted *by the virus*.").

G&G cannot establish that these government orders were issued due to "direct physical loss of or damage to property . . . *caused by or resulting from a Covered Cause of Loss*." ECF No. 1-2 at 82. To the contrary, the Coronavirus is a "virus" subject to the NY Policy's virus exclusion, and an excluded cause of loss is, by definition, not a Covered Cause of Loss. Accordingly, G&G is not entitled to Civil Authority coverage under the NY Policy as a matter of law.[4]

### C. G&G Cannot Establish Business Income or Extra Expense Coverage under the NY Policy

G&G seeks coverage "for claimed business income losses related to the COVID-19 Pandemic," Compl. ¶ 30; Answer ¶ 30, but as a matter of law G&G cannot demonstrate the requisite "direct physical loss of or damage to property" at its New York office—just as it could not do so with respect to G&G's Los Angeles office. *See* ECF No. 38 at 8 ("[B]ecause there was no physical damage to G&G's property, the Business Income and Extra Expenses coverage does not apply [and amendment would be futile].").

Like the CA Policy, the NY Policy provides coverage for "actual loss of Business Income . . . due to the necessary 'suspension' of [G&G's] 'operations'" only if (1) the suspension is "caused by direct physical loss of or damage to property at the described premises," and (2) the direct physical loss of or damage to property is "caused by or result[s] from a Covered Cause of Loss." ECF No. 1-2 (NY Policy) at

---

[3] https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2020/eeo-102.pdf.

[4] Travelers also disputes that the NY Orders (1) were issued "due to" direct physical loss of or damage to property and (2) prohibited access to G&G's New York office, as required to establish Civil Authority coverage. However, as the Court noted in its dismissal of G&G's Counterclaim, the Court need not reach these issues because the virus exclusion precludes coverage.

69–70; *see also* ECF No. 1-1 (CA Policy) at 67–68.  The Extra Expense provision similarly requires "direct physical loss of or damage to property" that is "caused by or resulting from a Covered Cause of Loss."  *Id*. at 70.

Since this Court dismissed G&G's Counterclaim, federal and state courts in California and across the country analyzing similar physical loss or damage requirements in Coronavirus-related insurance cases have continued to reject attempts to cast business shutdowns and interference as "physical" loss of or damage to property.  *See* ECF No. 30 at 17–18; ECF No. 35 at 7–9.[5]  This includes recent cases decided under New York law.  In *Michael Cetta, Inc. v. Admiral Indem. Co.*, the plaintiff, a restaurant, alleged that it "suffered a direct physical loss of and damage to [its] property because [it has] been unable to *use* [its] property for its intended purpose."  2020 WL 7321405, at *5 ([brackets] and *italics* in original).  Rejecting this interpretation, the court explained that "[t]he idea that 'loss of use' does not constitute 'direct physical loss of or damage to' property resonates in ordinary experience outside the context of insurance coverage" and supports "the broader context of the Policy," whereas the plaintiff's interpretation would render certain provisions[6] "meaningless when applied to circumstances like those presented in this case."  *Id*. at *6–7.  The

---

[5] *See, e.g.*, *Tappo of Buffalo, LLC v. Erie Ins. Co.*, 2020 WL 7867553 (W.D.N.Y. Dec. 29, 2020); *10012 Holdings, Inc. v. Sentinel Ins. Co.*, 2020 WL 7360252 (S.D.N.Y. Dec. 15, 2020); *Michael Cetta, Inc. v. Admiral Indem. Co.*, 2020 WL 7321405 (S.D.N.Y. Dec. 11, 2020); *see also, e.g.*, *Pez Seafood DTLA, LLC*, 2021 WL 234355, at *4–6; *Mortar and Pestle Corp. v. Atain Specialty Ins. Co.*, 2020 WL 7495180 (N.D. Cal. Dec. 21, 2020); *Geragos & Geragos Engine Co. No. 28, LLC*, 2020 WL 7350413; *Robert W. Fountain, Inc. v. Citizens Ins. Co. of Am.*, 2020 WL 7247207 (N.D. Cal. Dec. 9, 2020); *Selane Products, Inc. v. Continental Cas. Co.*, 2020 WL 7253378 (C.D. Cal. Nov. 24, 2020); *Long Affair Carpet and Rug, LLC v. Liberty Mut. Ins. Co.*, 2020 WL 6865774, at *3 (C.D. Cal. Nov. 12, 2020); *Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co.*, 2020 WL 6562332, at *8 (N.D. Cal. Nov. 9, 2020); *West Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.*, 2020 WL 6440037, at *4 (C.D. Cal. Oct. 27, 2020).

[6] For example, the policy's definition of "period of restoration" as ending on the earlier of: "(1) [t]he date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or (2) [t]he date when business is resumed at a new permanent location."

court, therefore, sided with "nearly every court to address this issue [and] concluded that loss of use of a premises due to a governmental closure order does not trigger business income coverage premised on physical loss to property." *Id.* at *8; *see also Tappo of Buffalo, LLC*, 2020 WL 7867553, *4 (report and recommendation) ("While there is no doubt that COVID-19 and the New York State Executive Orders relating to COVID-19 have had a devastating impact upon the restaurant industry, this Court agrees with the overwhelming majority of courts to have considered this issue that plaintiffs cannot plausibly allege that this impact is the result of direct physical loss of or damage to covered property as required to establish coverage under their insurance policies."); *10012 Holdings, Inc.*, 2020 WL 7360252, at *2–4 ("Nothing in the Complaint plausibly supports an inference that COVID-19 and the resulting Civil Orders physically damaged Plaintiff's property, regardless of how the public health response to the virus may have affected business conditions for Plaintiff.").

G&G asserted in the Counterclaim that it was "deprived of the typical foot traffic, visibility, and ability to interface with clients that it ordinarily depends on, and is entitled to coverage for the business losses that resulted from this deprivation." *Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*, 2020 WL 6156584, at *4 (C.D. Cal. Oct. 19, 2020). As noted in Travelers' Complaint, G&G also seeks compensation for lost rent at its New York office. Compl. ¶ 14. However, because G&G's claim is based on purely economic damages resulting from the Coronavirus and related government orders, rather than any "direct *physical* loss of or damage to property" at its New York office, Travelers is entitled to a declaratory judgment that there is no Business Income or Extra Expense coverage under the NY Policy.

In addition, even if G&G could satisfy the NY Policy's "direct physical loss of or damage to property" requirement, there is no Business Income or Extra Expense coverage for the same reason there is no Civil Authority coverage: a virus is not a Covered Cause of Loss. The virus exclusion expressly applies to Business Income and Extra Expense coverage. ECF No. 1-2 at 187. G&G's theory of coverage is that it

sustained economic losses at its New York office caused by or resulting from the Coronavirus and related government orders. Thus, as a matter of law, G&G's claim for Business Income and Extra Expense coverage is precluded by the virus exclusion. *See*, *e.g.*, *Food for Thought Corp. v. Sentinel Ins. Co., Ltd.*, 2021 WL 860345, at *4 (S.D.N.Y. Mar. 6, 2021) ("because Food for Thought alleges that it sustained Business Income losses when it lost the physical use of its property as a result of government-mandated closure orders, Food for Thought has failed to plead facts sufficient to establish that it suffered a direct physical loss of or physical damage to its property, within the meaning of its policy with Sentinel."); *Alexandre B. Demoura, M.D. v. Continental Cas. Co.*, 2021 WL 848840, at *5 (E.D.N.Y. Mar. 5, 2021) (rejecting plaintiff's argument that COVID-19 government orders requiring his orthopedic practice to close constituted "direct physical loss of or damage to property" because "New York courts have consistently understood identically worded insurance clauses to exclude business interruption losses from coverage when the losses were not caused by real, tangible damage to or loss of the property"); *Michael J. Redenburg, Esq. PC*, 2021 WL 276655, at *7–8; *HealthNOW Med. Ctr., Inc.*, 2020 WL 7260055, at *2; *Karen Trinh, DDS, Inc.*, 2020 WL 7696080, at *4; *10E, LLC*, 2020 WL 6749361, at *2–3 (dismissing Second Amended Complaint with prejudice); *Mark's Engine Co. No. 28 Rest.*, 2020 WL 5938689, at *5.[7]

## V. CONCLUSION

For all of the reasons stated above, Travelers respectfully requests that the Court enter a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) declaring that G&G is not entitled to coverage under the CA Policy or the NY Policy

---

[7] As noted in the Complaint, the NY Policy, like the CA Policy, also contains Dependent Property coverage. Compl. ¶ 18. G&G's Counterclaim did not assert a right to this coverage under the CA Policy, and presumably G&G does not claim it under the NY Policy either. However, to the extent it does, any such claim cannot survive for similar reasons: (1) there was no "direct physical loss of or damage to property at the premises of a Dependent Property"; and (2) the virus exclusion is preclusive.

for its claimed business income and other losses resulting from the Coronavirus and the government orders issued to slow its spread.

Dated: March 22, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Deborah L. Stein*
Richard J. Doren, SBN 124666
   rdoren@gibsondunn.com
Theodore J. Boutrous Jr., SBN 132099
   tboutrous@gibsondunn.com
Deborah L. Stein, SBN 224570
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fac.: 213.229.7520

ROBINSON & COLE LLP
Stephen E. Goldman (admitted *pro hac vice*)
   sgoldman@rc.com
Wystan M. Ackerman (admitted *pro hac vice*)
   wackerman@rc.com
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Fac.: 860.275.8299

*Attorneys for Plaintiff Travelers Casualty Insurance Company of America*