UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 20-3619 PSG (Ex) | Date | April 27, 2021 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company v. Geragos & Geragos | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **The Court GRANTS the motion for judgment on the pleadings**

Before the Court is a motion for judgment on the pleadings filed by Plaintiff Travelers Casualty Insurance Company of America ("Plaintiff" or "Travelers"). *See generally* Dkt. # 48 ("*Mot.*").[1] Defendant Geragos and Geragos ("Defendant" or "G&G") opposed, *see generally* Dkt. # 49 ("*Opp.*"), and Travelers replied, *see generally* Dkt. # 50 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion.

I.   Background

In April 2020, G&G reported a claim to Travelers under two separate property insurance policies covering its law offices in Los Angles (the "CA Policy") and New York (the "NY Policy") (collectively, the "Policies"). *See generally Complaint*, Dkt. # 1 ("*Compl.*"); Dkt. # 1-1, Ex A ("*CA Policy*"); Dkt # 1-2, Ex B ("*NY Policy*"). G&G sought coverage under both Policies for business income losses caused by the COVID-19 Pandemic. *Compl.* ¶ 30. On April 20, Travelers denied the claims and commenced this action seeking a declaratory judgment that G&G is not entitled to coverage under the policies. *Id.* ¶¶ 13–14.

In response to Travelers' Complaint, G&G filed an Answer and a Counterclaim. *See generally* Dkt. # 56 ("*CC*"). The Counterclaim sought Civil Authority, Business Income, and Extra Expense Coverages under the CA Policy for economic losses at G&G's Los Angeles law office only. *Id.* ¶¶ 2, 6–21.

---

[1] Plaintiff's notice of motion and motion is Dkt. # 47. The Court cites the memorandum in support of the motion at Dkt. # 48 because it contains Plaintiff's substantive arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | April 27, 2021 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company v. Geragos & Geragos | | |

On October 19, the Court granted Travelers' motion to dismiss G&G's Counterclaim ("October Order"). *See generally October 2020 Order*, Dkt. # 38 ("*October Order*"). Specifically, the Court determined that (1) the Virus Exclusion Provision in the CA Policy explicitly excludes civil authority coverage, *id*. at 5–6, and (2) G&G's claim that it was "deprived of the typical foot traffic, visibility, and ability to interface with clients" failed to allege "direct physical loss of or damage to property" at an insured premises, as required to establish Business Income and Extra Expense coverage, *id*. at 6–8.

Now, Travelers moves for judgment on the pleadings on its Complaint, seeking Declaratory Judgment pursuant to 28 U.S.C. § 2201 that G&G is not entitled to coverage under either Policy. *See generally Mot*.

First, the Court discusses the language of the Policies and which state's law to apply to each Policy. Then the Court analyzes whether to grant Travelers' motion as to the CA Policy, and then the NY Policy. Ultimately, the Court **GRANTS** Travelers' motion under both Policies.

II.     The Insurance Policies

The parties' arguments focus on three provisions of the Policies: (1) Civil Authority Coverage, (2) Business Income and Extra Expense Coverage, and (3) the Virus Exclusion Provision. The relevant language in each of the Policies is almost identical. *Compare CA Policy* at 78–79, 91, 195 *with NY Policy* at 278–79, 291, 396.

    A.     Business Income and Extra Expense Coverage

The Business Income provision provides coverage for "necessary 'suspensions' of [G&G's] 'operations'" that are "caused by direct physical loss of or damage to property at the described premises." *NY Policy* at 278–79.[2] Further, the "loss or damage must be caused by or result from a Covered Cause of Loss." *Id*. at 279.

The Extra Expense provision covers "reasonable and necessary expenses" incurred by G&G "during the 'period of restoration'" of its business "that [G&G] would not have incurred if there had been no direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss." *Id*.

---

[2] Because the Policies are materially the same, and because, as discussed below, it is the NY Policy at issue, the Court cites only to the NY Policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | April 27, 2021 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company v. Geragos & Geragos | | |

B. Civil Authority Coverage

Civil authority coverage insures certain business income losses and expenses "caused by action of civil authority that prohibits access to the described premises." *Id*. at 291. The civil authority must be "due to direct physical loss of or damage to property at locations . . . caused by or resulting from a Covered Cause of Loss." *Id*.

C. Virus Exclusion Provision

The Policies also contain an endorsement entitled "EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA," which "applies to all coverage under all forms and endorsements that comprise" the commercial property coverage of the Policies "including but not limited to forms or endorsements that cover . . . business income, extra expense, rental value or action of civil authority." *Id*. at 396.

The exclusion states: "We will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable or inducing physical distress, illness or disease." *Id.*

III. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a motion under Rule 12(b)(6) and "'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, on a Rule 12(c) motion, all material allegations of the non-moving party must be accepted as true and construed in the light most favorable to that party. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A Rule 12(c) motion is properly granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id*. Although detailed factual allegations are not required to survive a motion under Rule 12(b)(6) or Rule 12(c), a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | April 27, 2021 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company v. Geragos & Geragos | | |

IV.  <u>Choice of Law and Insurance Contract Interpretation</u>

As an initial matter, the Court must determine whether to apply California or New York insurance contract interpretation rules to each Policy. A "federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 65 (2013). Accordingly, the Court will look to California choice of law rules to determine which state's contract interpretation rules to apply to each Policy.

Under California law, "the fact that two states are involved does not in itself indicate there is a conflict of laws or choice of law problem. There is obviously no problem where the laws of the two states are identical." *WPB No. 1, LLC v. Valley Force Ins. Co.,* 2007 WL 9702161, at *1 (S.D. Cal. Mar. 27, 2007) (citing *Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*, 14 Cal. App. 4th 637, 642 (1993)). Travelers argues that California's insurance contract interpretation rules are "similar" to those of New York, and that therefore the choice of law issue is moot. *Mot*. 3:18–4:16. G&G insists that "[s]imilarity is not the standard" and "the respective laws differ to varying degrees" as applied to the insurance provisions at issue. *Opp*. 3:24–4:2. Accordingly, the Court compares the rules in each state to determine whether there is a material difference.

Under California law, interpretation of an insurance policy is decided under settled rules of contract interpretation. *See California v. Cont'l Ins. Co.*, 55 Cal. 4th 186, 194 (2012) (citing *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 470 (2004)). The court must "look first to the language of the contract in order to ascertain its plain meaning," *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 18, (1995), which governs its interpretation, *Boxed Foods Co., LLC v. Cal. Cap. Ins. Co.*, No. 20-CV-04571-CRB, 2020 WL 6271021, at *3 (N.D. Cal. Oct. 26, 2020), *as amended* (Oct. 27, 2020). A policy provision does not have a plain meaning—i.e., it is ambiguous—if it is "capable of two or more constructions, both of which are reasonable." *Id*.

"The New York approach to the interpretation of contracts of insurance is to give effect to the intent of the parties as expressed in the clear language of the contract." *Mount Vernon Fire Ins. Co. v. Belize NY, Inc.,* 277 F.3d 232, 236 (2d Cir. 2002). In doing so, courts applying New York law must give "unambiguous provisions of an insurance contract . . . their plain and ordinary meaning." *Fed Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 567 (2d Cir. 2011) (internal quotation marks omitted). "If the provisions are clear and unambiguous, courts are to enforce them as written." *Vill. of Sylvan Beach, N.Y. v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995). "A contract is unambiguous if the language it uses has a definite meaning,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | April 27, 2021 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company v. Geragos & Geragos | | |

unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *Standard Gen. L.P. v. Travelers Indem. Co. of Connecticut*, 261 F. Supp. 3d 502, 507 (S.D.N.Y. 2017) (internal citations omitted).

The Court agrees with Travelers that these rules are materially the same, and that G&G has failed to point to a meaningful distinction between these rules as they apply to the Policies.

For example, G&G states that, under New York law, insurance companies must "establish[] that [the] exclusion or exemption applies in the particular case and that the policy is subject to no other reasonable interpretation." *Opp*. 6:16–19 (quoting *Gen. Acc. Ins. Co. of Am. v. Idbar Realty Corp.*, 163 Misc. 2d 809, 812 (Sup. Ct. 1994), *aff'd as modified*, 229 A.D.2d 515 (1996)). But California courts also place the burden on the insurer to establish the application of a policy exclusion. *See, e.g.*, *Boxed Foods*, 2020 WL 6271021, at *3 ("The insurer bears the burden of proving . . . the applicability of an exclusion."). Both New York and California principles require that any ambiguities be construed against the drafter. *See, e.g.*, *Gen. Acc. Ins. Co.*, 163 Misc. 2d at 812; *Pez Seafood DTLA, LLC v. Travelers Indem. Co.*, 2021 WL 234355, at *3 (C.D. Cal. Jan. 20, 2021). And both states require that courts give policy language its "plain and ordinary meaning," and to avoid creating ambiguities where none exist. *See Boxed Foods*, 2020 WL 6271021, at *3; *Standard Gen.*, 261 F. Supp. 3d at 507.

Nonetheless, assuming a conflict of laws exists, California choice of law rules dictate that the principal location of the insured risk determines the applicable state law. *See Stonewall Surplus Lines*, 14 Cal. App. 4th at 446–49. That means California substantive law would control Travelers' claims under the CA Policy, and New York substantive law would control Travelers' claims under the NY Policy. Under New York or California law, neither Policy provides G&G coverage.

V. Discussion

    A. The CA Policy

Travelers argues, and G&G does not dispute, that (1) G&G is not entitled to coverage under the CA Policy and (2) declaratory judgment is warranted based on the Court's October Order. *Mot*. 5:9–16; *Reply* 1:21–2:4. The Court agrees, and **GRANTS** Travelers' motion as it relates to the CA Policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | April 27, 2021 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company v. Geragos & Geragos | | |

B.    <u>The NY Policy</u>

Travelers argues that (1) "physical damage" to the property, which did not occur here, is a prerequisite for civil authority, business income and extra expense coverage and (2) the virus exclusion provision specifically applies to civil authority coverage and business income and extra expense coverage. *See generally Mot*. The Court agrees on all grounds and addresses each argument in turn.

        *i.*    *Whether there was "physical damage"*

The NY Policy provides for coverage for loss of business income "due to the necessary 'suspension' of [G&G's] 'operations'" only if the suspension is "caused by direct physical loss of or damage to property at the described premises." *NY Policy* at 278–79. Similarly, the Extra Expense provision covers "necessary expenses" incurred during the "period of restoration" that would not have been "incurred if there had been no direct physical loss of or damage to property." *Id*. at 279. And an "action of civil authority" can only give rise to coverage if the action is taken due to "direct physical loss of or damage to property." *NY Policy* at 291.

G&G argues there was "direct physical loss or damage" to its New York offices because (1) the New York civil order issued in response to COVID-19 entirely excluded G&G and its tenants from access to its insured property, and (2) once G&G was able to return to the office, it had to retrofit its property to comply with New York civil authority. *Opp*. 6:1–10. The Court disagrees on both grounds.

First, courts in New York, California, and around the country have rejected the argument that "loss of use" of property caused by civil orders that temporarily prohibit access to the property constitutes "physical loss" under similar insurance policies. *See, e.g.*, *DeMoura v. Cont'l Cas. Co.,* No. 20CV2912NGGSIL, 2021 WL 848840, at *6 (E.D.N.Y. Mar. 5, 2021) (rejecting plaintiff's argument that "loss of use" caused by the New York civil orders satisfies the "direct physical loss" requirement); *Kim-Chee LLC, et al v. Philadelphia Indemnity Ins. Co., et al.*, Co. 1:20-cv-1136 (W.D.N.Y. Apr. 22, 2021) at 6–7 (collecting cases rejecting similar arguments under New York law); *Michael Cetta, Inc. v. Admiral Indem. Co.*, No. 20 CIV. 4612 (JPC), 2020 WL 7321405, at *8 (S.D.N.Y. Dec. 11, 2020) (collecting cases rejecting similar arguments from around the country and explaining that "nearly every court to address this issue has concluded that loss of use of a premises due to a governmental closure order does not trigger business income coverage premised on physical loss to property"); *Pez Seafood DTLA*, 2021 WL 234355, at *4–6; *Robert W. Fountain, Inc. v. Citizens Ins. Co. of Am.*, No. 20-CV-05441-CRB,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | April 27, 2021 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company v. Geragos & Geragos | | |

2020 WL 7247207, at *3–4 (N.D. Cal. Dec. 9, 2020) (finding that "'loss of' contemplates that the property is unrecoverable" and dismissing plaintiff's claim because it did not allege permanent loss).

The Court agrees with the overwhelming majority of courts that have considered the issue and similarly finds that direct physical loss of property does not include the temporary loss of use due to New York's civil orders in response to the COVID-19 pandemic. The cases G&G cites do not compel the opposite conclusion because (1) they have been rejected by other courts, *see, e.g.*, *Kevin Barry Fine Art Assocs. v. Sentinel Ins. Co., Ltd.*, No. 20-CV-04783-SK, 2021 WL 141180, at *5 n.1 (N.D. Cal. Jan. 13, 2021) (remaining unpersuaded by plaintiff's reference to *North State Deli, LLC v. The Cincinnati Ins. Co.*, 2020 WL 6281507, at *3 (N.C. Super. Oct. 09, 2020) "[d]ue to [the case's] lack of analysis and the vast majority of courts contradicting this finding"), or (2) the cases are distinguishable because they involved allegations of virus at the insured premises, which did not occur here, *see, e.g.*, *Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co.,* No. 20-CV-03750-WHO, 2020 WL 6562332, at *4 (N.D. Cal. Nov. 9, 2020) (distinguishing the decision in *Blue Springs Dental Care, LLC v. Owners Ins. Co.*, 488 F. Supp. 3d 867 (W.D. Mo. 2020) because in that case the dental practice alleged the presence of the coronavirus in their establishments).

Second, G&G's argument that it needed to "retrofit" its property in response to New York civil authority also fails. G&G states that it was required to (1) install sanitizing stations at its property, (2) rearrange the office space within the property, and (3) bar all public entrance to the property, and that these changes constitute "direct physical loss or damage" under the NY Policy. *Opp*. 6: 4–10. But while these actions indicate physical *changes* to the property, G&G has not explained how its property has been physically *damaged* in any way by these requirements. *See Indep. Rest. Grp. v. Certain Underwriters at Lloyd's, London*, No. CV 20-2365, 2021 WL 131339, at *7 (E.D. Pa. Jan. 14, 2021) (rejecting a similar argument because the changes plaintiff made to "make [the property] functional and reasonably safe for patrons" could not "be described as repairing, rebuilding, or replacing"); *see also Cafe La Trova LLC v. Aspen Specialty Ins. Co.*, No. 20-22055-CIV, 2021 WL 602585, at *9 (S.D. Fla. Feb. 16, 2021) ("Remarkably, under Plaintiff's logic, the 'repair[s]' it undertook while its operations were suspended caused the very 'damage' it now asserts is sufficient to invoke coverage in the first instance under the Business Income provision. Such a construction is nonsensical.").

Accordingly, (1) G&G's temporary loss of access and (2) the alterations G&G made to the property when it reopened do not constitute "direct physical loss or damage" under the NY Policy. But even if they did, the virus exclusion provision applies to prevent coverage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | April 27, 2021 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company v. Geragos & Geragos | | |

      *ii.*     *Whether the virus exclusion applies*

Civil authority, business income, and extra expense coverage all require that loss or damage be "caused by or resulting from a Covered Cause of Loss." *See NY Policy* at 278–79, 291. The NY Policy explicitly excludes coverage for harm caused by a virus. *Id.* at 396. Travelers argues that, by definition, a "Covered Cause of Loss" is not an excluded cause of loss. *See Mot.* 6:13–15. The Court agrees.

The NY Policy's virus exclusion precludes coverage for any "business income, extra expense, rental value or action of civil authority" caused by "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable or inducing physical distress, illness or disease." *NY Policy* at 396. G&G makes two contradictory arguments in its attempt to explain why the virus provision should not apply under New York substantive law. Both arguments fail.

G&G first argues the virus exclusion is ambiguous because a contract is only unambiguous if "there is no reasonable basis for a difference of opinion." *Opp.* 6:24–26 (quoting *Standard General*, 261 F. Supp. 3d at 507). According to G&G, the provision "is vague, ambiguous, and overbroad" because "no language in the Exclusion could be construed to contract away civil actions taken in response to a pandemic that was incomprehensible at the time the [NY Policy] was entered." *Opp.* 7:6–14. But the clear language in the NY Policy explicitly contemplates a virus and excludes coverage for damage caused by civil actions, business income, and extra expenses due to a virus. *See NY Policy* at 396. As such, G&G's assertion that the pandemic was "incomprehensible" does not negate the clear language in the contract. Further, G&G does not provide a "reasonable basis for a difference of opinion" as to the plain meaning of the provision. *N.Y. Univ. v. Factory Mut. Ins. Co.*, No. 15 CIV. 8505 (NRB) 2018 WL 1737745, at *10 (S.D.N.Y. Mar. 27, 2018) ("An insurer is entitled to have its contract of insurance enforced in accordance with its provisions and without a construction contrary to its express terms."); *Stern & Eisenberg, P.C. v. Sentinel Ins. Co.*, No. CV2011277RMBKMW, 2021 WL 1422860, at *6 (D.N.J. Apr. 14, 2021) (rejecting a similar argument where the "[p]laintiff offer[ed] no compelling argument that the plain language of the Virus Exclusion [was] susceptible to two reasonable interpretations").

Next, G&G argues that application of the virus exclusion provision would make the contract illusory. *Opp.* 7:16–8:6. Under New York law, "a clause that is so broad that it would appear to exclude what, as a practical matter, would be some of the largest foreseeable elements of damage may render coverage virtually illusory; such exclusionary policy language should not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3619 PSG (Ex) | Date | April 27, 2021 |
|---|---|---|---|
| Title | Travelers Casualty Insurance Company v. Geragos & Geragos | | |

be enforced when it defeats the main object of the purchased coverage, or virtually nullifies the coverage sought for anticipated risk." *Lend Lease (U.S.) Const. LMB Inc. v. Zurich American Ins. Co.*, 136 A.D.3d 52, 60 (N.Y. App. Div. 2015). Because G&G purchased an "all-risk policy," G&G claims "it would be reasonable to assume" that the NY Policy would cover the claimed losses. *Opp*. 7:27–8:1. G&G argues further that "New York law will not . . . permit this broad of an exclusionary provision to take effect" because it would "virtually nullif[y] the coverage sought for anticipated risk" and render the contract illusory. *Id*. 8:1–6.

G&G's argument is flawed because the virus exclusion does not preclude coverage for *all* anticipated risks. Under New York law, "exclusions by their nature modify the scope of coverage provided in an insurance policy and [a]n insurance policy is not illusory if it provides coverage for some acts; it is not illusory simply because of a potentially wide exclusion." *Lend Lease*, 136 A.D.3d 52 at 60. Here, while the exclusion is broad, the NY Policy still provides coverage for non-excluded causes—e.g. business losses after a fire. *See id*. ("[The] exclusion did not render the policy illusory[] because the policy provided some benefit to the insured and the exclusion does not negate all possible coverage . . . .").

Accordingly, the Court finds that even if G&G could claim "physical loss or damage" to its New York property, the virus exclusion precludes coverage for G&G's claimed losses, and **GRANTS** Travelers' motion as to the NY Policy. *See Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*, No. 20 CIV. 5818 (PAE), 2021 WL 276655, at *8 (S.D.N.Y. Jan. 27, 2021) (holding that similar language in a virus exclusion provision precluded civil authority, business income, and extra expense coverage caused by the COVID-19 pandemic); *Stern & Eisenberg*, 2021 WL 1422860, at *5 (same); *Pez Seafood DTLA*, 2021 WL 234355, at *7–8 (same); *10E, LLC v. Travelers Indem. Co. of Connecticut*, No. 2:20-CV-04418-SVW-AS, 2020 WL 6749361, at *3 (C.D. Cal. Nov. 13, 2020) (same).

VI.  Conclusion

For the foregoing reasons, the Court **GRANTS** Travelers' motion for judgment on the pleadings. This order closes the case.

**IT IS SO ORDERED.**